DISPATCH PRINTING COMPANY et al., Appellees,

v.

RECOVERY LIMITED PARTNERSHIP et al., Appellants. (Three Cases.)

[Cite as *Dispatch Printing Co. v. Recovery Ltd. Partnership,*
166 Ohio App.3d 118, 2006-Ohio-1347.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 05AP–640, 05AP–691, and 05AP–731.

Decided March 23, 2006.

Zeiger, Tigges & Little, L.L.P., John W. Zeiger, Steven W. Tigges, and Bradley T. Ferrell, for appellees the Dispatch Printing Company and Donald C. Fanta.

Robol & Winkler, Richard T. Robol, John F. Winkler, and Benjamin Winkler, for appellants Recovery Limited Partnership and Columbus Exploration, L.L.C.

Means, Bichimer, Burkholder & Baker Co., L.P.A., Dennis J. Morrison, Nicole M. Donovsky, and John F. Kirtley II, for non-party-appellant, Stephen P. Alexander, C.P.A., Inc.

Cooper & Elliott, L.L.C., Rex H. Elliott, Charles H. Cooper Jr., and Karen D. Weis, for appellants Thomas G. Thompson and ECON Engineering Associates, Inc.

---

McGRATH, Judge.

{¶ 1} Defendants-appellants, Recovery Limited Partnership, Columbus Exploration, L.L.C., Thomas G. Thompson, and ECON Engineering Associates, Inc. (collectively, "appellants"), appeal the decision of the Franklin County Court of Common Pleas overruling objections to a motion to compel discovery, denying a motion for protective order, and granting a motion to compel discovery. Non-party-appellant Stephen Alexander, C.P.A., d.b.a. Spencer Kremer, C.P.A., has also filed an appeal of the trial court's order.[1]

{¶ 2} The underlying merits of this litigation concern the recovery of sunken treasure from the S.S. *Central America*, a United States mail steamship that sank off the Carolina coast during a hurricane in 1857. Plaintiffs-appellees, the Dispatch Printing Company and Donald Fanta, initiated this action on April 13, 2005, asserting numerous claims against appellants, including a claim to compel the inspection of various records held by appellants. Alexander is not a party to this action, but, rather, is an accountant for several of the named appellants. On April 19, 2005, appellees initiated discovery by serving a subpoena duces tecum on Alexander. The subpoena requested production of a number of documents and records relating to appellants. Numerous motions and memoranda were filed with the court relative to the issued subpoena.[2] The trial court held a status

---

1. This consolidated appeal consists of three separate appeals, one filed by appellants Thompson and ECON Engineering Associates, Inc., one filed by appellants Recovery Limited Partnership and Columbus Exploration, L.L.C., and one filed by Alexander. All three appeals concern the trial court's order regarding discovery.

2. On April 29, 2005, appellants filed a motion for protective order deferring merit discovery until determination of jurisdiction, and alternatively quashing subpoena duces tecum for Alexander. On May 2, 2005, Alexander filed an objection to the subpoena. On May 12, 2005,

conference on June 2, 2005, to address the various motions. After discussion, the trial court gave appellants two weeks, until June 15, 2005, to file any jurisdictional motions and to present evidence to support their request that the subpoena be quashed. Appellants allege in their motions for protective order and to quash the subpoena that appellees seek the production of trade secrets and proprietary information.

{¶ 3} On June 17, 2005, the trial court issued a decision captioned "Decision overruling objections to subpoena duces tecum, filed by non-party Stephen Alexander, C.P.A., Inc. and denying defendants' motion for protective order * * * and granting plaintiffs' motion to compel discovery." It is from this order that appellants appeal.

{¶ 4} Alexander raises the following assignments of error:

*ASSIGNMENT OF ERROR NO. I:* The trial court erred as a matter of law in overruling the objections to the subpoena duces tecum served upon appellant Alexander, as the discovery sought by the plaintiffs/appellees was unduly burdensome on appellant Alexander.

*ASSIGNMENT OF ERROR NO. II:* The trial court erred as a matter of law in overruling the objections to the subpoena duces tecum served upon appellant Alexander, as the production of the discovery sought would cause appellant Alexander to breach his legal and ethical duties to maintain client confidentiality, and further, to disclose trade secrets.

{¶ 5} Appellants Recovery Limited Partnership and Columbus Exploration, L.L.C., raise the following assignments of error:

1. The trial court erred in issuing its June 17, 2005 decision requiring disclosure of documents because defendants-appellants asserted that the documents contained trade secret information and the trial court did not review the documents, create a record of what was reviewed, and determine whether the documents contained trade secrets. * * *

2. The trial court erred in issuing its June 17, 2005 decision requiring disclosure of documents because the discovery granted in the decision was that requested as final relief in the action, defendants-appellants had informed the court that they had defenses on the merits to the granting of such relief, defendants-appellants had requested an evidentiary hearing, and the trial court granted such relief without an evidentiary hearing. * * *

3. The trial court erred in issuing its June 17, 2005 decision because the relief granted in the decision was that requested as final relief in the action,

appellees filed a motion to compel Alexander to produce documents. The parties filed memoranda contra and appellees filed a reply brief.

defendants-appellants had informed the court that they had defenses on the merits to the granting of such relief, defendants-appellants had informed the court that they would provide information relevant to such defenses after issuance of a confidentiality order limiting dissemination of such in-formation, and the trial court issued the decision without entering such an order or considering such information.  * * *

4.   The trial court erred in issuing its June [17], 2005 decision because the decision required disclosure of documents containing trade secret information, the court had failed to issue a confidentiality order restricting the dissemination of the information, and a motion of defendants-appellants for such a confidentiality order was pending.  * * *

{¶ 6} Appellants Thomas G. Thompson and ECON Engineering Associates, Inc., raise the following assignments of error:

B.   The trial court erred by compelling the disclosure of trade secrets without (i) inspecting the information *in camera* to determine their trade secret status, and (ii) permitting appellant the opportunity to conduct discovery and participate in an evidentiary hearing to determine whether appellees had any legal right to appellants' trade secret information.

C.   The trial court erred in deciding part of the case on its merits in the form of a discovery order without first addressing important issues regarding the court's jurisdiction to entertain the action.

D.   The trial court erred by issuing a discovery order providing appellees with much of their requested relief before Mr. Thompson was served and before Mr. Thompson and ECON Engineering had an opportunity to respond to the complaint.

{¶ 7} Appellees filed a motion to dismiss this appeal, arguing that because the trial court's decision is a discovery order, and thus interlocutory in nature, it does not constitute a final, appealable order.  As a general rule, discovery orders are interlocutory in nature and are not immediately appealable. *Gibson–Myers & Assoc. v. Pearce* (Oct. 27, 1999), Summit App. No. 19358, 1999 WL 980562, citing *Walters v. Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 676 N.E.2d 890.  However, the Ohio Revised Code has created several exceptions to this general rule.  R.C. 2505.02(B) provides:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 8} A "provisional remedy" is defined by statute as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). This court has previously held that an order compelling discovery of privileged matters, which are potentially protected, constitutes a final, appealable order. See *Schottenstein, Zox & Dunn v. McKibben,* Franklin App. No. 01AP–1384, 2002-Ohio-5075, 2002 WL 31122804; *Cuervo v. Snell* (Sept. 26, 2000), Franklin App. No. 99AP–1442, 2000 WL 1376510, cited with favor in *State v. Muncie* (2001), 91 Ohio St.3d 440, 746 N.E.2d 1092. In so holding, this court followed the reasoning of the Ninth District Court of Appeals, which held that an order compelling the discovery of trade secrets was a final, appealable order. In *Gibson–Myers,* Summit App. No. 19358, 1999 WL 980562, the court stated:

On its face, R.C. 2505.02(A)(3) is flexible and able to address situations where a party has a protectable interest at stake and yet has no meaningful ability to appeal the decision which discloses that interest to others. If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage. In a competitive commercial market where customers are a business'[s] most valuable asset and technology changes daily, disclosure of a trade secret will surely cause irreparable harm.

{¶ 9} While this court agrees with the reasoning of the court in *Gibson–Myers,* we find that the decision presently before us does not constitute a final, appealable order, because it does not provide for unfettered discovery coupled with the danger of being unable to unring the proverbial bell.

{¶ 10} The important distinction between *Cuervo,* Franklin App. No. 99AP–1442, 2000 WL 1376510; *Schottenstein,* Franklin App. No. 01AP–1384, 2002-Ohio-5075, 2002 WL 31122804; and *Gibson–Myers,* Summit App. No. 19358, 1999 WL 980562, is that the trial courts in those cases issued general blanket orders compelling discovery and denying protection of the requested materials.[3] Here,

---

3. In *Cuervo,* for example, the trial court granted a motion to compel the production of potentially privileged information without giving the other party an opportunity to respond to the motion. In *Schottenstein,* the trial court granted a motion to compel the discovery of

while the trial court's order is captioned, and the concluding paragraph states that the objections were overruled, the motion to compel was granted, and the motion for protective order was denied, it is clear from reading the trial court's decision that the trial court fully contemplated that discovery would continue only with adequate safeguards in place. This fact creates a situation much different from those in the above-mentioned cases. The situation here is more akin to a trial court issuing an order providing guidance to the parties as to how discovery will proceed than it is to a court ordering the production of specific materials.

{¶ 11} In the trial court's decision, under the findings of the court, the trial court stated:

> That discovery may include matters of proprietary concern does not defeat the right of discovery in this case. The contractual arrangements between plaintiffs and defendants provide for disclosure of the information sought by plaintiffs. Concerns about public disclosure of proprietary information and trade secrets can be resolved by an appropriate protective order. Plaintiffs have offered a comprehensive confidentiality agreement. The court is satisfied that any legitimate trade secrets or proprietary information can be protected from public disclosure.

{¶ 12} Thus, it is clear that the trial court envisioned more than just completely unrestricted discovery. To review only the caption of the trial court's decision, without reviewing the decision as a whole, is to essentially ignore the reality of the trial court's actions. In effect, the trial court did not simply order the production of proprietary or trade-secret information, but, rather, it ordered that discovery should continue with safeguards in place in order to address the concerns regarding proprietary information or trade secrets.

{¶ 13} It is important to bear in mind the underlying rationale for finding an order compelling discovery to be a final, appealable order, which is to prevent the dissemination of protected materials and to avoid the quagmire of being unable to unring the proverbial bell. Neither scenario is present here, because the trial court's discovery order fully contemplates the imposition of adequate safeguards during the discovery process. While the exact type of safeguards to be imposed and the mechanics of how they will be implemented are not clear, the trial court did indicate the use of protective orders and confidentiality agreements, and we are confident that if additional hearings, in-camera inspections, and the like are warranted, then the trial court will undertake what is necessary to protect the dissemination of proprietary material and trade-secret information. However,

---

potentially privileged information after concluding that the opposing party impliedly waived his right to assert that certain materials were privileged when he filed a counterclaim. In *Gibson–Myers*, the trial court granted a motion to compel the production of potential trade secret information without giving the opposing party an opportunity to respond.

because the trial court has not issued an order compelling the production of materials, but, rather, has issued a directory decision, we find that the trial court's decision does not constitute a final, appealable order.

{¶ 14} Because the trial court's order is not a final, appealable order, we grant appellees' motions to dismiss and dismiss these appeals for lack of a final, appealable order.

Appeals dismissed.

KLATT, P.J., and PETREE, J., concur.