[Cite as *Summitbridge Natl. Invests., L.L.C. v. Ameritek Custom Homes, Inc.*, 2013-Ohio-760.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SUMMITBRIDGE NATIONAL INVESTMENTS, LLC, | : | APPEAL NO. C-120476 TRIAL NO. A-0804913 |
| | : | |
| Plaintiff-Appellant, | | *O P I N I O N.* |
| | : | |
| vs. | | |
| | : | |
| AMERITEK CUSTOM HOMES, INC., et al, | | |
| | : | |
| Defendants, | : | |
| and | : | |
| TIMOTHY P. OLIVERIO, | : | |
| KELLY LOUIS OLIVERIO, | : | |
| LYNNE BAYER, | : | |
| AMBER N. MANGOLD, | : | |
| LORAINE A. DAHLHEIMER, | : | |
| PATRICE DAHLHEIMER, | : | |
| ADAM JANSZEN, | : | |
| MICHAEL S. ROSING, | : | |
| DONALD G. SEYFERTH, | : | |
| JACQUELINE M. SEYFERTH, | : | |
| DANIEL G. LEE, | : | |
| DAVID J. DIXON, | : | |
| and | : | |

CARRIE M. MEYER                               :

   Defendants-Appellees.                :

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  March 6, 2013

*Graydon Head & Ritchey LLP, Scott K. Jones* and *Robin D. Miller*, for Plaintiff-Appellant,

*Adams, Stepner, Woltermann & Dusing, PLLC, Glenn E. Algie* and *Andrew J. Vandiver*, for Defendants-Appellees.

**Please note:  this case has been removed from the accelerated calendar.**

SYLVIA S. HENDON, **Presiding Judge.**

{¶1} Plaintiff-appellant SummitBridge National Investments, LLC ("SummitBridge"), has appealed from the trial court's ruling on a motion to compel discovery filed by defendants-appellees Timothy and Kelly Oliverio, Lynn Bayer, Amber Mangold, Loraine and Patrice Dahlheimer, Adam Janszen, Michael Rosing, Donald and Jacqueline Seyferth, Daniel Lee, David Dixon, and Carrie Meyer ("the defendants").

{¶2} In August of 2009, SummitBridge joined the defendants in an ongoing foreclosure action that it had initiated in 2008. SummitBridge later dismissed the defendants from the lawsuit just prior to trial. Following their dismissal, the defendants filed a motion for sanctions against SummitBridge, alleging that SummitBridge had frivolously joined them in the lawsuit despite knowledge that it had no valid claim to the defendants' properties.

{¶3} The defendants served SummitBridge with various discovery requests, including interrogatories, requests for admissions, and requests for production of documents. SummitBridge objected to many of the discovery requests on the ground that the defendants had sought information protected by the attorney-client privilege. After the parties were unable to resolve their discovery disputes, the defendants filed a motion to compel seeking disclosure of two particular items: SummitBridge's attorney fees, and all documents evidencing the decision to dismiss the defendants from the foreclosure action. In an entry granting the motion to compel, the trial court found that SummitBridge was required to produce the requested information regarding attorney fees. With respect to the documents

evidencing the decision to dismiss the defendants from the lawsuit, the trial court held that

> [T]he Court hereby orders that unless Plaintiff is waiving any "advice of counsel" defense to the motion for sanctions for frivolous litigation, Plaintiff shall produce the requested communications. And, if Plaintiff's counsel will testify at all in connection with the sanctions proceeding, then Plaintiff shall produce the requested communications.

{¶4} SummitBridge has appealed from this latter portion of the trial court's entry. In its sole assignment of error, it challenges the trial court's entry on the ground that the court had ordered the production of documents containing information covered by the attorney-client privilege. But because the entry appealed from was not a final order, we must dismiss SummitBridge's appeal.

{¶5} This court's appellate jurisdiction is limited to the review of final judgments of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). Before we may exercise our jurisdiction over any given case, the order appealed from must be final and meet the requirements of R.C. 2505.02. *See Hadassah v. Schwartz*, 1st Dist. No. C-110699, 2012-Ohio-3910, ¶ 6. R.C. 2505.02(B)(4) provides that an order is final when it

> Grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy [and;] (b) The appealing party would not be afforded a

meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶6}    Generally, discovery orders are neither final nor appealable. *Grace v. Mastruserio*, 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608, ¶ 33 (1st Dist.).  But a proceeding concerning the discovery of privileged material is one type of provisional remedy contemplated by R.C. 2505.02(A)(3).  For an order concerning the discovery of privileged material to be final and appealable, it must meet the requirements contained in R.C. 2505.02(B)(4).  Here, the trial court's order did not meet those necessary requirements.

{¶7}    The court's order did not determine the action with respect to the provisional remedy, namely the compelled production of allegedly privileged material.  In its entry, the trial court never formally ordered the production of privileged material.  Rather, the court's entry was conditional in nature and advised the parties as to how discovery would proceed going forward based on particular actions taken by SummitBridge.  The trial court held that "unless Plaintiff is waiving any 'advice of counsel' defense * * *, Plaintiff shall produce the requested communications."  The entry further held that "if Plaintiff's counsel will testify at all in connection with the sanctions proceeding, then Plaintiff shall produce the requested communications."  The trial court's entry left SummitBridge with several possible courses of action which would determine whether the items would be subject to compelled discovery.

{¶8}    The rationale for finding that an order compelling the discovery of privileged material is final and appealable is to "prevent the dissemination of protected materials, and to avoid the quagmire of being unable to unring the

5

proverbial bell." *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 166 Ohio App.3d 118, 2006-Ohio-1347, 849 N.E.2d 297, ¶ 13 (10th Dist). Here, neither concern is present. No protected materials have been ordered to be produced, and no irreversible action has been taken.

{¶9} SummitBridge has not appealed from a final and appealable order. Consequently, the appeal is dismissed.

Appeal dismissed.

**HILDEBRANDT** and **DEWINE, JJ.**, concur.

Please note:
> The court has recorded its own entry on the date of the release of this opinion.