[Cite as *Youngstown State Univ. v. Youngstown State Univ. Assn. of Classified Emps.*, 2013-Ohio-5862.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| YOUNGSTOWN STATE UNIVERSITY, et al., | ) ) ) | CASE NO. 13 MA 104 |
| PETITIONERS-APPELLANTS, | ) ) | OPINION |
| - VS - | ) ) | AND JUDGMENT ENTRY |
| YOUNGSTOWN STATE UNIVERSITY ASSOCIATION OF CLASSIFIED EMPLOYEES, | ) ) ) ) | |
| RESPONDENT-APPELLEE. | ) ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court, Case No. 13CV433.

JUDGMENT:     Appeal dismissed for Lack of a Final Appealable Order.

JUDGES:
Hon. Joseph J. Vukovich
Hon. Timothy P. Cannon
     Judge of the Eleventh District Court
     Of Appeals, Sitting by Assignment.
Hon. Cynthia Westcott Rice
     Judge of the Eleventh District Court
     Of Appeals, Sitting by Assignment.

Dated:  December 19, 2013

**[Cite as *Youngstown State Univ. v. Youngstown State Univ. Assn. of Classified Emps.*, 2013-Ohio-5862.]**

APPEARANCES:

For Petitioners-Appellants:                    Attorney George Crisci
                                               55 Public Square, 4th Floor
                                               Cleveland, Ohio  44113
                                               (For Youngstown State University)


                                               Attorney Anthony Donofrio
                                               Deputy Law Director
                                               City of Youngstown
                                               26 South Phelps Street
                                               Youngstown, Ohio  44503
                                               (For City of Youngstown and
                                               Jay Macejko)


                                               Attorney William Blanchard
                                               South Bridge West
                                               755 Boardman Canfield Road
                                               Building F, Suite 4
                                               Youngstown, Ohio  44512
                                               (For Jay Macejko)



For Respondent-Appellee:                       Attorney Ira Mirkin
                                               Attorney Charles Oldfield
                                               100 Federal Plaza East
                                               P.O. Box 849
                                               Youngstown, Ohio  44503

[Cite as *Youngstown State Univ. v. Youngstown State Univ. Assn. of Classified Emps.*, 2013-Ohio-5862.]
PER CURIAM:

{¶1}   Appellants Youngstown State University and former City of Youngstown prosecutor Joseph Macejko have appealed a decision of the Mahoning County Common Pleas Court regarding subpoenas issued to YSU's general counsel Holly Jacobs and the city's former prosecutor by appellee Youngstown State University Association of Classified Employees in an arbitration action. The trial court refused to quash the subpoenas in their entirety but granted YSU's request for a protective order with respect to any privileged, confidential, or otherwise protected information sought by the union during questioning of these witnesses at the arbitration hearing. Still, YSU and the former city prosecutor appealed. This court requested jurisdictional memoranda as to whether there existed a final appealable order. For the following reasons, this appeal is dismissed for lack of a final appealable order.

## STATEMENT OF THE CASE

{¶2}   Ivan Maldonado, a member and president of the Union, was terminated by YSU in 2009 for allegedly making threats to other employees, misfeasance, malfeasance, nonfeasance, incompetence, inefficiency, and neglect of duty. He was charged criminally with misdemeanor menacing and later with felony and misdemeanor charges involving falsification.

{¶3}   The Union filed a grievance on behalf of Maldonado, which initiated arbitration proceedings under a collective bargaining agreement. The arbitration proceedings were stayed pending the resolution of the criminal charges.

{¶4}   In 2010, the Union filed a public records request to YSU seeking correspondence and documents about Maldonado that were exchanged between YSU and the city prosecutor's office. When YSU refused to provide the documents, the Union filed a mandamus action in this court seeking to compel the production of the records.

{¶5}   In conducting discovery in the mandamus action, the Union delivered a subpoena duces tecum to the prosecutor's office requesting all documents pertaining in any way to the misdemeanor prosecution and all documents exchanged between YSU and the city prosecutor's office pertaining to Maldonado. Thereafter, the Union

filed a motion to compel in the mandamus action and the city filed a motion to quash the subpoena. This court ordered the city to present all documents for an in camera review. *State ex rel. Youngstown State Univ. Assn. of Classified Employees v. Youngstown State Univ.*, 7th Dist. No. 10MA63 (J.E. Sept. 3, 2010).

**{¶6}** This court then quashed the subpoena with respect to all documents that were not previously disclosed to the Union. *State ex rel. Youngstown State Univ. Assn. of Classified Employees v. Youngstown State Univ.*, 7th Dist. No. 10MA63 (J.E. Feb. 9, 2011). This court pointed out that the documents fell into three categories: emails between Attorney Jacobs and the city prosecutor, the prosecutor's case file in the misdemeanor case, and the city prosecutor's felony investigation file. *Id.* at 6.

**{¶7}** It was noted that the city prosecutor's office represented not only the city but acted to some degree as legal advisor to YSU's police department and thus to a limited extent also represented YSU and that Attorney Jacobs, as general counsel for YSU, would also represent YSU's police department. *Id.* at 8. It was further pointed out that the city prosecutor prosecutes in the name of the city and the state and that Attorney Jacobs, as general university counsel, is an Assistant Attorney General of Ohio. *Id.* at 10-11.

**{¶8}** This court concluded that six categories of privilege and exemption applied to the documents sought that were not already disclosed: attorney-client privilege, work product, common interest privilege, trial preparation records, confidential law enforcement investigatory records, and confidential documents obtained through the Attorney General's database. *Id.* at 6-15.

**{¶9}** Also in conducting discovery in the mandamus action, Attorney Jacobs was deposed by the Union. After she refused to answer certain questions on grounds of attorney-client privilege or work product privilege, the Union filed a motion to compel. Based in large part on this court's February 9, 2011 entry quashing the subpoena for documents issued to the city, this court overruled the Union's motion to compel Attorney Jacobs regarding the questions she refused to answer in deposition. *State ex rel. Youngstown State Univ. Assn. of Classified Employees v. Youngstown*

*State Univ.*, 7th Dist. No. 10MA63 (J.E. Mar. 15, 2011). This court reviewed the deposition transcript and determined that all of the objections related to privileged matters, including those related to the public records act. *Id.* at 4-5, citing to 16 pages in the transcript containing objections.

{¶10} This court asked for motions regarding final disposition of the mandamus action, and the Union then voluntarily dismissed its mandamus action presumably as the rulings essentially disposed of any arguments it would make in its public records request.

{¶11} Maldonado was acquitted of all charges in both courts. Arbitration was then reactivated. The Union requested that a subpoena to appear at the arbitration hearing issue to Attorney Jacobs and the former city prosecutor. When the issue of quashing was raised to the arbitrator, he apparently voiced that such a matter should be brought before the trial court.

{¶12} Thus, on February 19, 2013, YSU filed in the trial court a petition to quash or in the alternative a motion for a protective order. Specifically, YSU asked for an order quashing the subpoenas "to the extent such subpoena seeks production of privilege and confidential information." In the alternative, YSU moved for a protective order, asking the court to protect the confidential and privileged information and prohibit the Union from obtaining information it has already twice sought and twice been denied. The former city prosecutor filed a similar motion briefly urging that his testimony would require the disclosure of privileged or protected matter and that the issue of such disclosure was already ruled upon by this appellate court and then adopting the reasons set forth in YSU's petition.

{¶13} YSU's memorandum in support voiced concern that the Union will question Attorney Jacobs about her communications with the prosecutor and will seek to elicit testimony from the former city prosecutor that this appellate court already determined is protected. YSU stated that the subpoena should be quashed because an appellate court has already decided that the Union is not entitled to obtain the privileged and confidential information it seeks and because the

documents are protected by the attorney-client privilege, work product doctrine, and the common interest privilege.

**{¶14}** The Union's response claimed that it had no intention of seeking to circumvent the appellate decisions and will not seek to elicit testimony that was determined to be privileged. The Union stated that YSU was speculating as to whether privilege would arise and noted that even if it did ask an improper question, YSU could assert privilege at the time. The Union pointed to a non-privileged letter sent by the former city prosecutor to Maldonado's defense counsel stating that if Maldonado pled to menacing and withdrew all of his grievances and appeals, he would receive a favorable sentencing recommendation, the felony investigation would be stopped, possible charges against his wife would be halted, and she would keep her job at YSU. The Union also noted its position that YSU previously agreed that the questions about collusion would be relevant to a claim for backpay.

**{¶15}** YSU filed a reply, stating that it does not trust the Union's claim that it will not seek to elicit privileged matter and noting that the Union refuses to provide details of what it will ask the attorneys. YSU stated that it envisioned that the Union will ask questions not precisely held improper by the appellate court, the questions will go unanswered based on privilege, and the Union will either try to convey to the arbitrator that YSU is hiding something or the Union will go to court to seek to compel answers.

**{¶16}** As to the suggestion that YSU agreed to the relevance of collusion, YSU noted that they merely followed an order by the arbitrator to draft the details of the ruling concerning a stay of arbitration pending the criminal proceedings wherein the prior arbitrator agreed to stay arbitration but also stayed backpay unless the Union could prove collusion. YSU then stated that the allegations of collusion are not legally cognizable.

**{¶17}** For the first time, YSU next claimed that Attorney Jacobs cannot be subpoenaed because it is improper to subpoena an attorney in her own case unless the Union proves there is no other means to obtain the information, the information is relevant and non-privileged, and the information is crucial to the case. YSU stated

that although special outside counsel was appointed by the Attorney General, Attorney Jacobs as YSU general counsel was active in all aspects of the case.

{¶18} And, YSU now claimed that if a motion to quash was not granted, then the protective order prohibiting the disclosure of privileged and confidential information should contain a requirement that any questioning of counsel should occur in the court's presence and outside the presence of the arbitrator. YSU wished the trial court to sit through the testimony and rule on privilege claims as they arose and then provide the arbitrator with a redacted transcript so he could not see all the objections, voicing that otherwise the arbitrator would improperly believe YSU was "hiding something."

{¶19} The Union's surreply urged that a blanket prohibition is improper and that YSU is trying to short-circuit the process of questioning and objecting, insisting that it will abide by the appellate court rulings. The Union noted that the question of backpay and collusion are for an arbitrator in the first instance, not the trial court in a petition dealing with privilege. As to YSU's other new argument regarding Attorney Jacobs as co-counsel, the Union noted that YSU presented her for deposition in the mandamus action without making this argument. The Union also stated that because she was the person who responded to the public records requests, she may be the only person who can authenticate the responses provided.

{¶20} On May 22, 2013, the magistrate issued a decision. As to the new argument concerning Attorney Jacobs as co-counsel at arbitration, the magistrate stated that a review of the record fails to indicate that she is co-counsel of record and pointed out that YSU previously produced her for deposition without objection on this basis.

{¶21} The magistrate stated that it could not be predicted what lines of inquiry will be involved in the questioning of the attorneys who were subpoenaed. The magistrate ruled that "to quash the subpoenas * * * in their entirety would be overreaching and may result in the exclusion of otherwise admissible evidence," which would be unduly prejudicial and was unwarranted based upon the information presented. The magistrate continued:

{¶22} "Nevertheless, the prior Decisions of the Court of Appeals for the Seventh Appellate District shall be fully enforced by the Arbitrator. As such, the Motion of YSU for a Protective Order with respect to any privileged, confidential or otherwise protected information sought by counsel for [the Union] during his interrogation of these witnesses is sustained. The prior Orders of the Court of Appeals for the Seventh Appellate District shall be fully enforced and Attorneys Jacobs and Macejko are afforded the full protection of the those Orders during the course of their testimony. Attorneys Jacobs and Macejko are granted a Protective Order protecting them from any responsibility, whatsoever, to respond to questions which would require them to produce privileged, confidential or otherwise protected information as previously determined by the Court of Appeals for the Seventh Appellate District."

{¶23} YSU filed objections to the magistrate's decision, and the former city prosecutor joined these objections. YSU complained that the magistrate never addressed whether the Union could raise a claim of collusion, noting that the arbitrator's order limited the collusion issue to determining backpay if a grievance is sustained. YSU also complained that the magistrate failed to place the burden on the Union regarding the subpoena of co-counsel. YSU cited to a portion of the arbitrator's hearing that was read for the magistrate wherein YSU's appointed special counsel successfully argued to the arbitrator that Attorney Jacobs should not have to leave the room because she was part of his team.

{¶24} YSU stated that the protective order is insufficient because it orders the arbitrator to enforce the protective order and it ambiguously articulated the scope of the protected information. YSU asked the trial court to grant the motion to quash or to grant a protective order that: prohibits any questions that would disclose protected information regardless of whether it was previously addressed by the appellate court; authorized the attorneys to sua sponte refuse to answer (without the need for objections) any question that would require the disclosure of protected matter; designate the magistrate to preside over the testimony to enforce the protective order

outside of the presence of the arbitrator; and present the arbitrator with a videotape that excluded all questions seeking protected matter.

**{¶25}** The Union responded that the claim that Attorney Jacobs could not be subpoenaed as co-counsel was not raised until its reply, and the cited portion of the arbitrator's transcript only disclosed that she should be permitted to remain in the hearing during testimony, not that she was not subject to subpoena. The Union urged that the general propriety of a collusion claim is not properly before the trial court because it goes to the scope of the issues that can be raised at arbitration, which is set by the agreement and is to be initially interpreted by the arbitrator. The Union also argued that YSU requested a protective order to prohibit the Union from obtaining the protected information that it already tried unsuccessfully to get twice and that is exactly what the magistrate ordered. The Union concluded that YSU wanted the trial court to improperly interject itself into the arbitration proceedings.

**{¶26}** On July 3, 2013, the trial court overruled the objections and reproduced the magistrate's decision as its own judgment. YSU and the former city prosecutor filed a joint notice of appeal that same day. YSU filed a merit brief on July 18, 2013. The next day, this court granted 20 days to file jurisdictional memoranda as to whether the order is final and appealable. The Union filed its jurisdictional memorandum on August 6, urging that we should dismiss the appeal, and filed their merit brief soon thereafter. YSU filed a jurisdictional memorandum arguing that the order is final under divisions (B)(1), (B)(2), and (B)(4) of R.C. 2505.02, and filed its merit reply brief soon thereafter. The former prosecutor did not file a jurisdictional memorandum (or a merit brief in the appeal).

## NO FINAL APPEALABLE ORDER

**{¶27}** Pursuant to R.C. 2505.02(B)(1), an order is final if it affects a substantial right in an action that in effect determines the action and prevents a judgment. A substantial right is a right that the constitutions, a statute, the common law, or a rule of procedure entitle a person to enforce or protect. R.C. 2505.02(A)(1). For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch

thereof and leave nothing for the determination of the court. *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989) (order which vacated the election result did not determine the action or prevent a judgment where it also provided for a rerun election).

{¶28} Next, R.C. 2505.02(B)(2) provides in pertinent part that an order is final if it affects a substantial right and is made in a special proceeding. A special proceeding is defined as an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity. R.C. 2505.02(A)(2). An order affects a substantial right for the purposes of this division only if an immediate appeal is necessary to protect the right effectively as the appellants must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future. *See Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 7, 10-11 (order denying disqualification of counsel in a special proceeding does not affect a substantial right as the order may be revisited throughout and other avenues remain open).

{¶29} Under R.C. 2505.02(B)(4), an order is final if it grants or denies a provisional remedy, if it determines the action with respect to and prevents judgment with respect to the provisional remedy, and if there would not be a meaningful or effective remedy by an appeal after final judgment as to the entire action. A provisional remedy is defined as a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence. R.C. 2505.02(A)(3). Besides being attendant upon or in aid of another proceeding, in order to be final under this decision, an order to compel or an order denying protection must definitively decide the matter and there must be no further opportunity to petition the court. *See State v. Muncie*, 91 Ohio St.3d 440, 449-451, 746 N.E.2d 1092 (2001).

{¶30} The final appealable order statute must be read in pari materia with the pertinent arbitration statutes, contained in Chapter 2711. *Stewart v. Midwestern Indemn. Co.*, 45 Ohio St.3d 124, 126, 543 N.E.2d 1200 (1989). The statute granting the arbitrator subpoena power also provides that if a person so subpoenaed refuses

or neglects to obey such subpoena, then a petition can be filed in the local common pleas court and that court can compel the attendance of such person before the arbitrator or punish the person for contempt in the same manner provided for in the court. R.C. 2711.06.

{¶31} An application to the common pleas court under R.C. 2711.01 through 2711.15 shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise provided in the sections. R.C. 2711.05. Unrelated to R.C. 2711.06, there are arbitration statutes which provide the right to appeal from certain orders concerning arbitration. *See* R.C. 2711.15 ("An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."). *See also* R.C. 2711.02(C)-(D) (dealing with a stay pending arbitration).

{¶32} Reading the statutes in pari materia, it seems important to recognize that the petitioned court acts as it would in a regular case before it. This suggests that this case involving a protective order as to future testimony could be equated to those involving a provisional remedy. In those cases evaluating discovery orders or orders compelling testimony which do not actually order the release of privileged information, the appeal has been considered not final or premature or not ripe. *See, e.g, Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 65 (1993) (order directing even *a non-party* witness opposing a discovery request to submit the requested materials to an in camera review so that the court may determine their discoverable nature is not a final appealable order"); *Dispatch Printing Co. v. Recovery Ltd. Partnership,* 166 Ohio App.3d 118, 2006-Ohio-1347, 849 N.E.2d 297 (10th Dist.) (discovery order did not provide for unfettered discovery coupled with the danger of being unable to unring the proverbial bell; rather, it contemplated protection as the issues arise in the future); *State v. South*, 5th Dist. No. 04CA38, 2004-Ohio-5073, ¶42-43 (finding that record was not sufficiently developed as questions must be asked in order for privilege to be invoked and then ruled upon).

{¶33} Thus, where the order merely foreshadows future issues that may or may not arise and is not a blanket denial of protection as to a topic, the order is not

final. Merely because an order is burdensome or annoying does not mean that irreparable harm has been done or that a substantial right has been affected. *See, e.g., Marks v. Morgan Stanley Dean Witter Commercial Fin. Servs.*, 8th Dist. No. 88948, 2008-Ohio-1820, ¶ 13; *RDSOR v. Know Cty. Bd. of Revision*, 5th Dist. No. 05CA01, 2005-Ohio-4173, ¶ 17-25, fn.1-2.

{¶34} If the order here involves the provisional remedy prong, we find that the order is akin to an order for in camera review or a guidance order that contemplates further evolution of the record as to specific protected answers. The actual information sought to be elicited or protected has not been presented and thus no negative protective ruling has been issued. Guidance was provided with reference to this court's prior ruling on protected information, and the protective order additionally encompassed "any privileged, confidential, or otherwise protected information" sought by the Union during interrogation. No cloak of secrecy has been lifted by the trial court's order here. The same rationale plays a part in our parallel decision that the order does not *affect* any substantial right alleged in the petition. In divergence to much of the case law cited by appellants, the order here does not compel the disclosure of protected information.

{¶35} The trial court's order regarding the motion to quash the subpoena merely refused to quash it "in its entirety." Plus, the witnesses alternatively asked for a protective order, and the court granted a protective order. That protective order granted what was asked for in the petition. A later filing may have sought court supervision of the testimony and then the playing of a redacted videotape for the arbitrator, but this was not originally sought in the petition which invoked the trial court's jurisdiction.

{¶36} (Likewise, the petition dealt with protected information, not the scope of arbitration or the Union's assertion that collusion should be considered if the arbitrator reaches the issue of backpay. And, the petition did not raise the claim that the witness was acting as counsel in the arbitration, a matter where special outside counsel, whose was the only name listed as counsel on the petition, had been appointed.)

**{¶37}** Furthermore, we cannot say that the denial of such in-depth court-supervision of questioning that is meant to take place before an arbitrator affects a party's or a witness's substantial right. We also do not agree that a party's substantial right is affected merely because an arbitrator may end up hearing a witness assert a privilege. Nor do we agree that a substantial right is affected because the subpoenaing party could potentially bring the particular matters actually raised during testimony before the trial court for ruling under R.C. 2711.06. In fact, this is what the statute envisions as it is more suggestive of a witness refusing to answer and the subpoenaing party filing the petition in the trial court than it is of the preemptive order sought in this case.

**{¶38}** This appeal is hereby dismissed for lack of a final appealable order as defined in R.C. 2505.02 read in pari materia with Chapter 2711. Costs taxed against appellants.

**{¶39}** Final Order. Clerk to serve notice of this judgment on the parties or their counsel.

Vukovich, J., concurs.
Cannon, J., concurs.
Westcott Rice, J., concurs.