[Cite as *Irvin v. Eichenberger*, 2015-Ohio-4400.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Maxine C. Irvin, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-824 |
| v. | : | (C.P.C. No. 14DR-4674) |
| Raymond L. Eichenberger, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on October 23, 2015

---

*Petroff Law Offices, LLC*, and *Erika M. Smitherman*, for appellee.

*Raymond L. Eichenberger*, pro se.

---

ON APPLICATION FOR RECONSIDERATION AND
MOTION TO CERTIFY A CONFLICT

KLATT, J.

{¶ 1} Defendant-appellant, Raymond L. Eichenberger, applies to this court pursuant to App.R. 26(A) for reconsideration of our October 8, 2015 judgment entry dismissing his appeal for lack of a final appealable order. Appellant also moves to certify a conflict to the Supreme Court of Ohio pursuant to App.R. 25 and Loc.R. 14 of the Tenth District Court of Appeals, asserting that a conflict exists between our judgment concerning the lack of a final appealable order and those of two other appellate districts in Ohio.

{¶ 2} Appellant brings this appeal from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a motion by appellee to compel discovery in the parties' divorce case. On June 4, 2015, the domestic relations court

magistrate addressed various discovery requests by the parties and ordered appellant to produce copies of any wills or trusts in which he was named as a beneficiary. The order further specified that the documents would be first disclosed to the magistrate for an in camera review.

{¶ 3} Appellant filed objections to the magistrate's order. On August 11, 2015, the trial court put on its entry denying the objections on the basis that appellant had failed to support his objections with a transcript of the original hearing before the magistrate, and had incorrectly stated that there had in fact been no such hearing. The trial court noted that the magistrate's decision states to the contrary that appellant voluntarily departed after initially appearing at the date and time of the scheduled hearing.

{¶ 4} Appellant is an attorney duly licensed to practice law in Ohio. In opposition to appellee's motion to dismiss this appeal, appellant argues that the magistrate's order requires disclosure of a will and trust agreement that appellant drafted for his now-deceased mother, and that these documents are protected by attorney-client privilege. Appellant asserts that the trial court's denial of this privilege in opposition to appellee's discovery request gives rise to a final appealable order.

{¶ 5} The test applied to an application for reconsideration is whether the motion calls to the attention of the court an obvious error in our prior determination or raises an issue that was not properly considered by the court in the first instance. *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1981). This rule providing an opportunity to apply for reconsideration is not intended for instances in which a party simply disagrees with the reasoning and conclusions of the appellate court. *Drs. Kristal & Forche, D.D.S., Inc. v. Erkis*, 10th Dist. No. 09AP-06, 2009-Ohio-6478, citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996).

{¶ 6} Appellant's application for reconsideration does not point out an obvious error in our decision. Because our dismissal seemed to require no explanation, we initially dismissed the appeal by means of a brief judgment entry. We will now explain how appellant's arguments were fully considered and rejected before we dismissed the appeal.

{¶ 7} Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section

3(B)(2); R.C. 2501.02. If an order is not a final appealable order, the appellate court lacks jurisdiction and must dismiss the appeal. *Prod. Credit Assn. v. Hedges,* 87 Ohio App.3d 207 (1993).    Appellate courts have the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky,* 10th Dist. No. 03AP-801, 2004-Ohio-1221.

> R.C. 2505.02(B) defines a final order as follows:
>
> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment.
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply;
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 8}    A "provisional remedy" means a proceeding ancillary to an action, including discovery of privileged matter.  R.C. 2525.02(A)(3).  Appellant argues that this is a case that presents a final appealable order under R.C. 2505.02(A)(3) and (B)(4)(b) because it requires the discovery of privileged matter, and thereby grants a provisional remedy for which there would be no meaningful effective  redress on subsequent appeal.  The general proposition has merit, albeit not on the present facts:

> R.C. 2505.02(A)(3) is flexible and able to address situations where a party has a protectable interest at stake and yet has no meaningful ability to appeal the decision which discloses that interest to others.  If a trial court orders the discovery of

> trade secrets and such are disclosed, the party resisting discovery will have no adequate at remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage.

*Gibson-Myers & Assocs. v. Pearce*, 9th Dist. No. 19358 (Oct. 27, 1999). This court applied the same reasoning (and metaphor) to address disclosure of attorney-client communications or attorney work product: "Communications between an attorney and his or her client may be considered privileged matter pursuant to R.C. 2505.02(A)(3). Therefore, a trial court's ruling concerning the discovery of this information should be appealable because once that information is disclosed, the 'proverbial bell cannot be unrung.' " *Cuervo v. Snell*, 10th Dist. No. 99AP-1442 (Sept. 26, 2000).

{¶ 9} Without passing on whether the documents in question are protected by attorney-client privilege, we find that the question is not ripe for resolution. The trial court in this case has yet to compel appellant to disclose the purportedly privileged documents. The magistrate merely ordered submission of the documents for in-camera review by the court. The court may then order production of the documents to opposing counsel, or to the contrary find that the documents are indeed privileged, not relevant, or otherwise undiscoverable. In other words, the bell is not yet on the point of being rung, and the appeal is premature. We deny appellant's application for reconsideration.

{¶ 10} Appellant also moves for certification of this case to the Supreme Court of Ohio, claiming that our decision is in conflict with those of two other Ohio appellate districts: *Whiteman v. Whiteman*, 12th Dist. No. CA94-12-229 (June 26, 1995), and *Natl. City Bank v. Amedia*, 118 Ohio App.3d 542 (9th Dist. 1997).

{¶ 11} Certification is authorized by Article IV, Section 3(B)(4) of the Ohio Constitution:

> Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination.

{¶ 12} App.R. 25 and Loc.R. 13 of this court reflect the constitutional mandate and set forth the procedure for certification. Pursuant to these authorities, at least three

conditions must be met when we certify a case to the Supreme Court. We must first find that our judgment is in conflict with a judgment of another district and that the asserted conflict is upon the same question. We must then find that alleged conflict is founded on a rule of law and not based upon a factual distinction. Finally, if we deem that a conflict exists, our entry granting certification must clearly set forth the rule of law that we find to be in conflict between districts. *Whitlock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993). In brief, "there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper." *Id.* at paragraph one of the syllabus.

{¶ 13} Neither *Whiteman* nor *Amedia* involves dismissal of an appeal pending in camera review of allegedly privileged documents. Because we find that our judgment in this case is not in actual conflict with that of another district, we deny appellant's motion to certify the case to the Supreme Court of Ohio.

{¶ 14} In summary, we deny appellant's application for reconsideration and appellant's motion to certify a conflict.

*Application for reconsideration and motion to certify a conflict denied.*

DORRIAN and BRUNNER, JJ., concur.

_____