[Cite as *State ex rel. Ohio Academy of Nursing Homes, Inc. v. Ohio Dept. of Medicaid*, 2016-Ohio-1516.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Ohio
Academy of Nursing Homes, Inc. et al., :

      Relators-Appellees, :

  :         No. 16AP-102

v.         (C.P.C. No. 03CVH11-12970)

Ohio Department of Medicaid et al., :      (REGULAR CALENDAR)

      Respondents-Appellants. :

  :

---

D E C I S I O N

Rendered on April 12, 2016

---

*Geoffrey E. Webster* and *Bryan M. Pritikin*, for appellees.

*Michael DeWine*, Attorney General, *Rebecca L. Thomas* and
*Ara Mekhjian*, for appellants.

---

APPEAL from the Franklin County Court of Common Pleas
ON MOTION TO DISMISS

KLATT, J.

{¶ 1} Respondents-appellants, the Ohio Department of Medicaid and its director ("the department"), as successors-in-interest to the Ohio Department of Job and Family Services and its director, appeal from a discovery order entered by the Franklin County Court of Common Pleas. The trial court granted a motion by relators-appellees, the Ohio Academy of Nursing Homes, Inc., and a number of individual nursing home care providers ("the providers"), compelling discovery by requiring the deposition of certain persons.

{¶ 2} The providers began this action with a complaint seeking declaratory and injunctive relief. Their fifth amended complaint modifies the form of action to a petition

in mandamus seeking a writ from the Franklin County Court of Common Pleas. Although the substance of the action is not relevant to this appeal, it generally involves the state agencies' rate-setting mechanism for Medicare reimbursement. In the course of discovery, the providers sought to depose certain individuals to obtain information about the rate-setting process. The department opposed discovery from certain proposed deponents, claiming that the requested information was privileged as attorney-client communication. The trial court granted a motion to compel discovery, and the department has timely appealed. The providers now seek to dismiss the appeal for lack of a final appealable order.

{¶ 3} The providers argue that the order compelling discovery is not a final appealable order because it does not meet the requirements of R.C. 2505.02 for interlocutory appeals from discovery orders. The providers argue that the order fails to meet the standard for two reasons: (1) the trial court's order does not actually determine the action with respect to the provisional remedy of discovery, and (2) the department failed to preserve its claim of attorney-client privilege in the trial court, thereby waiving any assertion of attorney-client privilege.

{¶ 4} An appellate court's jurisdiction is limited to the review of final appealable orders, judgments, or decrees. R.C. 2505.03(A); *State ex rel. Bd. of State Teachers Retirement System of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 44. A final appealable order is one that grants or denies a provisional remedy and both (1) in effect determines the action with respect to that provisional remedy and prevents a judgment in favor of the appealing party with respect to the provisional remedy and (2) leaves the appealing party without a meaningful or effective remedy through appeal following a subsequent final judgment. R.C. 2505.02(B)(4).

{¶ 5} Although most discovery proceedings do not qualify as provisional remedies and cannot give rise to an interlocutory appeal, R.C. 2505.02(A)(3) specifically notes that a proceeding that results in discovery of privileged matter is a provisional remedy. *Irvin v. Eichenberger*, 10th Dist. No. 15AP-824, 2015-Ohio-4400, ¶ 8. The provision of a right to an interlocutory appeal from such orders, which is in direct derogation of the general non-appealability of most discovery orders, stems from the fact that protected information, once released, cannot be nullified: " '[T]he party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal

after final judgment on the merits will not rectify the damage.' " *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 166 Ohio App.3d 118, 2006-Ohio-1347 (1oth Dist.), ¶ 8, quoting *Gibson-Myers & Assoc. v. Pearce*, 9th Dist. No. 19358 (Oct. 27, 1999).

{¶ 6} While upholding that general principle of interlocutory appeals regarding discovery of privileged matter, the Supreme Court of Ohio has recently emphasized that an appellant in such cases much affirmatively demonstrate that it meets the requirements of R.C. 2505.02(B)(4), including the unavailability of a meaningful remedy by means of appeal from the ultimate final judgment in the matter. *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, ¶ 5-6.

{¶ 7} The providers first argue that the discovery order in this case does not effectively determine the provisional remedy because the order merely allows the providers to conduct depositions, and no material has yet been produced by the proposed questioning. In the absence of any production in the form of documents or testimony, the providers argue, the information has yet to be provided and therefore the matter is not ripe for review. For this proposition they cite our holding in *Irvin*, in which we addressed a trial court order compelling production of allegedly privileged documents for in-camera review by the court.

{¶ 8} This case is easily distinguishable from our decision in *Irvin*. In that case, the trial court granted a limited motion to compel discovery, subject to in-camera review by the trial court before the release of any potential privileged information to the moving party. After confirming that communication between an attorney and client would be privileged matter pursuant to R.C. 2505.02(A)(3), we noted that the trial court had "yet to compel appellant to disclose the purportedly privileged documents. The magistrate merely ordered submission of the documents for in-camera review by the court. The court may then order production of the documents to opposing counsel, or to the contrary find that the documents are indeed privileged, not relevant, or otherwise undiscoverable. In other words, the bell is not yet on the point of being rung, and the appeal is premature." *Id.* at ¶ 9.

{¶ 9} The depositions actually ordered in the present case contain no such additional filter or safeguard against the release of the allegedly privileged material. An order that compels the final and unfettered discovery of privileged material, even if that discovery has yet to take place pursuant to the order, has effectively determined the action

with respect to the provisional remedy. It determines the discovery dispute between the parties and requires the final disclosure of allegedly confidential matter in the due course of the party's compliance with the court's discovery order. Such an order satisfies the second part of the R.C. 2505.02(B)(4) test. *Bennett v. Martin*, 10th Dist. No. 09AP-294, 2009-Ohio-6195, ¶ 36. *Irvin* is inapplicable on these facts and the trial court's discovery order is appealable.

{¶ 10} We also find that the providers' arguments regarding waiver are not well-taken, and have been previously rejected by this court in *Bennett*:

> An appellate court's jurisdiction cannot depend upon whether or not a party has waived the right to assert an error on appeal. Otherwise, an appellate court would be forced to decide the merits of the appeal in order to determine whether it has the power to hear and decide the merits of the appeal. To avoid this conundrum, appellate courts have reasoned that as long as an appellant presents a "colorable claim" that the documents subject to a discovery order are privileged and/or confidential, the proceeding that resulted in that order qualifies as a "provisional remedy." *Callahan v. Akron Gen. Med. Ctr.*¸ 9th Dist. No. Civ.A. 22387, 2005-Ohio-5103, ¶ 29; *Schottenstein, Zox & Dunn v. McKibben*, 10th Dist. No. 01AP-1384, 2002-Ohio-5075, ¶ 19; *Cuervo v. Snell* (Sept. 26 2000), 10th Dist. No. 99Ap-1442. * * * Here, where the trial court has ordered defendants to turn over the [allegedly privileged matter], the order unquestionably requires the disclosure of confidential matter. * * * Therefore, we conclude that the trial court's order satisfies the first part of the R.C. 2505.02 (B)(4) test.

*Bennett* at ¶ 35. The providers may argue under the merits of the appeal whether the agencies have waived their claim of privilege in this matter. A deficiency in the merits of the appeal does not deprive us of jurisdiction and does not require dismissal.

{¶ 11} Based on the foregoing, the providers' motion to dismiss the appeal for lack of jurisdiction is denied.

*Motion to dismiss denied.*

DORRIAN, P.J., and SADLER, J., concur.

———————