DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter comes for consideration by this Court on the motion to dismiss the above-captioned appeal, filed by Appellee on October 12, 2005. Appellants filed a response to the motion to dismiss on November 10, 2005. Appellee filed a reply to Appellants' response to the motion to dismiss on December 2, 2005.
 {¶ 2} The notice of appeal in this case arises from the April 6, 2005 judgment entry of the trial court, which adopted the Magistrate's finding that Plaintiff-Appellee had properly domesticated its foreign judgment against Defendant-Appellants. Although the Magistrate determined that the foreign judgment had been properly domesticated, he failed to determine the amount of the foreign judgment; an issue which is in dispute in this case.
 {¶ 3} Appellee asserts in its motion to dismiss that the order on appeal is not final because it fails to comply with Ohio Revised Code 2505.02 and Civil Rule 54(B). Appellants contend, however, that the order of the trial court domesticating the foreign judgment is final and appealable under both R.C.2505.02(B)(1) and R.C. 2505.02(B)(2). As there do not seem to be any cases directly on point, we shall conduct our own analysis of the order to determine if it is a final appealable order in accordance with R.C. 2505.02.
 {¶ 4} In the absence of a final, appealable order, this Court is without jurisdiction to decide the appeal. Chef ItalianoCorp. v. Kent State University (1989), 44 Ohio St.3d 86, 90. Final appealable orders are statutorily defined in R.C.2505.02(B)(1)-(6). Initially, we note that R.C. 2505.02(B)(3), (5) and (6) are inapplicable as the entry being appealed does not vacate or set aside a judgment, determine that an action may be maintained as a class, or determine the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 or Am. Sub. S.B. 80.
 {¶ 5} In both Appellee's motion to dismiss, and Appellants' response to the motion to dismiss, they focus exclusively on R.C.2505.02(B)(1) and (2). However, we shall also address whether the domestication of a foreign judgment, without a determination as to the amount of that judgment, could be a final order under R.C.2505.02(B)(4).
 {¶ 6} R.C. 2505.02(B)(4) defines a final order as: "An order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 7} Without concluding whether the decision domesticating a foreign judgment is actually a "provisional remedy" that would satisfy R.C. 2505.02(B)(4)(a); we conclude that the decision on appeal fails to satisfy R.C. 2505.02(B)(4)(b).
 {¶ 8} We see no reason why Appellants would not be afforded a meaningful and effective remedy following a final judgment as to all proceedings, specifically, following a final determination as to the disputed amount of the domesticated foreign judgment. If we were to hear the appeal of whether the trial court's determination that the foreign judgment was properly domesticated, it is still possible that we would be required to hear a second appeal after the trial court's determination of the amount of the disputed judgment. Conversely, however, there is no reason why Appellants would not have an adequate remedy available to them upon a single appeal of both the trial court's determination that the foreign judgment was properly domesticated, and its determination as to the amount of that foreign judgment.
 {¶ 9} We must now address both R.C. 2505.02(B)(1) and (2). R.C. 2505.02(B)(1) defines a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C.2505.02(B)(2) defines a final order as "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
 {¶ 10} We find conclusive for both sections the definition of what it means to "affect" a substantial right. R.C. 2505.02(A)(1) states that: "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Further, the Ohio Supreme Court has stated that an order which affects a "substantial right" is one which, "if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60,63.
 {¶ 11} We see nothing which would foreclose Appellants from obtaining appropriate and satisfactory relief of the domestication issue after a final determination as to the amount of the domesticated foreign judgment. We may adequately review both the trial court's domestication determination, and its determination as to the amount of the domesticated judgment, in a single appeal after a final judgment of the trial court.
 {¶ 12} Upon due consideration of the foregoing, Appellee's motion to dismiss the above-captioned appeal is hereby GRANTED. This appeal is DISMISSED for lack of a final appealable order.
 {¶ 13} IT IS SO ORDERED.
Brogan, Judge, Fain, Judge and Donovan, Judge.