[Cite as *State ex rel. DeWine v. RAAW, L.L.C.*, 2015-Ohio-4547.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. MICHAEL DEWINE, OHIO ATTORNEY GENERAL, | : | MEMORANDUM OPINION |
| | : | |
| Plaintiff, | : | CASE NO. 2015-T-0046 |
| | : | |
| - vs - | : | |
| | : | |
| RAAW, LLC, et al., | : | |
| | : | |
| Defendants-Appellees, | : | |
| | : | |
| EVERGREEN ENVIRONMENTAL CORP., | : | |
| | : | |
| Defendant-Appellant. | | |

Civil Appeal from the Court of Common Pleas, Case No. 2013 CV 674.

Judgment: Appeal dismissed.

*Mark F. Fischer* and *James A. DeSmith*, Fischer, Evan & Robbins, Ltd., 3521 Whipple Avenue, N.W., Canton, OH 44718 and *Charles E. Dunlap*, 7330 Market Street, Youngstown, OH 44512 (For Defendants-Appellees).

*David W. Goldense*, 50 Public Square, Suite 920, Cleveland, OH 44113 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Evergreen Environmental Corp., appeals the trial court's April 7, 2015 entry granting appellees', RAAW, LLC, Robert A. Walley, Sr., and Robert M. Walley, motion for summary judgment.

{¶2} On March 25, 2013, plaintiff, the State of Ohio ex rel. Michael DeWine, Ohio Attorney General ("the Plaintiff"), filed an action for injunctive relief and civil penalty

on behalf of the Ohio EPA for violations of the Clean Water Act against appellees, appellant, and several other defendants. The alleged violations occurred on several parcels of property, each of which has been owned by RAAW at the time of the alleged violations. The other defendants are those that subsequently purchased the parcels of property from RAAW. Those defendants filed cross-claims against appellees seeking indemnification for any fines assessed against them and for their legal costs. Erie Insurance Exchange and Westfield Insurance Company intervened seeking declaratory judgment that they owed no coverage for the claims asserted against RAAW.

{¶3} The Plaintiff along with the insurance companies filed motions for summary judgment against appellees. Appellees filed a motion for summary judgment against appellant and the other cross-claimants arguing that there is no right of indemnification for the Clean Water Act violations.

{¶4} The trial court granted appellees' motion for summary judgment, and dismissed the cross-claims of appellant and the other defendants. Subsequently, appellant filed a motion for relief from judgment or, in the alternative a motion for reconsideration, which the trial court denied.

{¶5} Appellees filed an "Unopposed Motion to Dismiss Appeal or, In the Alternative, Motion to Stay." In their motion, appellees allege that the appeal is premature given the damages hearing that is scheduled in the trial court for November 2, 2015.

{¶6} Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an

2

appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶7} R.C. 2505.02(B) defines a final order as one of the following:

{¶8} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶11} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

3

{¶15} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶16} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶17} "(7) An order in an appropriation proceeding * * *."

{¶18} Here, the trial court's April 7, 2015 order granted appellees' motion for summary judgment and dismissed appellant's cross-claims and also stated that "[t]his is a final and appealable order and there is no just cause for delay."

{¶19} A civil proceeding that defers damages for a later determination of an uncertain amount is not a final appealable order because it does not determine the action, prevent a judgment, or affect a substantial right in a special proceeding. *State ex rel. DeWine v. Big Sky Energy, Inc.*, 11th Dist. No. Ashtabula 2012-A-0042, 2013-Ohio-437, ¶ 12. Therefore, there is no final order as damages remain undetermined.

{¶20} Although the trial court included Civ.R. 54(B) language in its April 7, 2015 judgment, the mere incantation of this language does not convert the entry into a final order. *See Noble*, *supra*, at 96.

{¶21} For the foregoing reasons, appellees' motion to dismiss the appeal is granted, and this appeal is hereby dismissed for lack of a final appealable order.

{¶22} Appeal dismissed.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.