[Cite as *Hague v. Hague*, 2016-Ohio-1014.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| CHARLES G. HAGUE, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0074** |
| CARLA R. HAGUE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 00525.

Judgment: Appeal dismissed.

*David M. Ondrey*, Thrasher, Dinsmore & Dolan Co., L.P.A., 100 Seventh Avenue, #150, Chardon, OH 44024-1079 (For Plaintiff-Appellee).

*James W. Reardon*, Carrabine & Reardon Co., L.P.A., 7445 Center Street, Mentor, OH 44060 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Carla R. Hague, appeals the trial court's judgment entry granting partial summary judgment.

{¶2} On August 8, 2014, appellee filed a personal injury action against appellant. In a November 12, 2015 entry, the trial court granted appellee's motion for partial summary judgment on the issue of liability. In that entry, the trial court also scheduled a status conference so that the parties could schedule a "trial date on the issue of damages * * *." Appellant filed her notice of appeal on December 10, 2015. A damages hearing has yet to take place.

{¶3}   Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).  A judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  Section 3(B)(2), Article IV of the Ohio Constitution. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4}   R.C. 2505.02(B) defines a final order as one of the following:

{¶5}   "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶6}   "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶7}   "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶8}   "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶9}   "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶10}  "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

2

{¶11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶12} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶13} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶14} "(7) An order in an appropriation proceeding * * *."

{¶15} Here, the trial court's November 12, 2015 order granted appellee's partial motion for summary judgment on the issue of liability and deferred the damages issue for later determination.

{¶16} A judgment from "[a] civil proceeding that defers damages for a later determination of an uncertain amount is not a final appealable order because it does not determine the action, prevent a judgment, or affect a substantial right in a special proceeding." *State ex rel. DeWine v. RAAW, LLC*, 11th Dist. Trumbull No. 2015-T-0046, 2015-Ohio-4547, ¶ 19; *see, State ex rel. DeWine v. Big Sky Energy, Inc.*, 11th Dist. Ashtabula No. 2012-A-0042, 2013-Ohio-437, ¶ 12.

{¶17} Therefore, there is no final order.

{¶18} Based upon the foregoing, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.

{¶19} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3