[Cite as *State v. Horsley*, 2018-Ohio-4203.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

STATE OF OHIO,                      :        Case No. 18CA4

     Plaintiff-Appellee,              :

v.                                  :
                                             DECISION AND JUDGMENT ENTRY
DAVID HORSLEY,                      :

     Defendant-Appellant             :        **RELEASED: 10/12/2018**

---

Hoover, A.J.

{¶1}  Appellant David Horsley appeals a judgment entered against him arising out of the state's efforts to collect financial sanctions associated with a reckless operation conviction. Because we have jurisdiction only if the order is final and appealable, we ordered him to address whether the trial court has entered a final appealable order.  Horsley failed to respond.

{¶2}  We find that the trial court's judgment determining the outstanding amounts owed and the timeliness of collection efforts is not a final appealable order because it contemplates further action by the court: a hearing to determine Horsley's economic ability to pay. Thus, it does not affect a substantial right made in a special proceeding or upon a summary application in an action after judgment under R.C. 2505.02(B)(2). We lack jurisdiction and dismiss the appeal.

I. PROCEDURAL BACKGROUND

{¶3}  In April 2009 Horsley pled guilty to reckless operation in violation of R.C. 4511.20 and the Jackson County Municipal Court sentenced him to jail and imposed financial sanctions and probation. In January 2017, the trial court turned Horsley's case over to a collection agency and the Bureau of Motor Vehicles suspended his driving and

registration privileges. Horsley filed a motion for a hearing on the financial sanctions to determine whether the collection efforts were untimely. The trial court reviewed the fines and costs owed by Horsley, reduced or eliminated some of them, and ultimately determined that he still owed $1,356.40. The court scheduled the matter for a hearing to determine Horsley's economic ability to pay. The order stated, "The defendant is ordered to appear on Friday August 3, 2018, at 9:00 o'clock a.m. for hearing on determination of economic ability to pay." Decision, Entry, and Orders, June 21, 2018, p. 8.

{¶4}    Horsley filed his notice of appeal in July prior to the hearing. According to the docket, the August hearing did not go forward.

## II. LAW AND ANALYSIS

{¶5}    Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101; *see also*, *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus (1989). The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15.

{¶6}    For purposes of this appeal, the relevant portions of R.C. 2505.02 define a final appealable order as:

>(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>* * *
>(2) An order that affects a substantial right in an action made in a special proceeding or upon a summary application in an action after judgment;

To qualify as a final, appealable order under R.C. 2505.02, the entry must "affect" a "substantial right" as defined by R.C. 2505.02(A)(1) and be entered "in a special proceeding or upon a summary application in an action after judgment." "A '[s]pecial proceeding' is 'an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.' R.C. 2505.02(A)(2).

{¶7}    The term "summary application" is not specifically defined in the statute, "but it seems to fit situations like the present, which arise after judgment and do not involve lengthy trial court proceedings." *State v. McBroom,* 2015-Ohio-4719, 49 N.E.3d 785, ¶ 3 (2nd Dist.), citing *State v. Wilkinson,* 2d Dist. Montgomery No. 18286, 2000 WL 1644135, *1–2 (Sept. 25, 2000) and *State v. Branham*, 6th Dist. Huron App. No. H–95–066, 1995 WL 704100 (Nov. 27, 1995); *See also MBNA Am. Bank, N.A. v. Bailey*, 9th Dist. Summit No. 22912, 2006-Ohio-1550 (order issued in response to motion for garnishment was an order in summary application after judgment); *Golden Goose Properties, L.L.C. v. Leizman,* 8th Dist. Cuyahoga No. 101002, 2014-Ohio-4384 (order distributing garnished funds is an order upon a summary application and a final, appealable order).

{¶8}    The order being appealed is one arising out of the collection activities made in an action after judgment and, like orders related to post-judgment garnishment, appears to fit within the term "summary application."

>Our Eighth and Ninth District colleagues have concluded that orders in the aid of execution on a judgment are ones made on a summary application after

judgment. *See Golden Goose Properties, L.L.C. v. Leizman*, Eighth Dist. Cuyahoga No. 101002, 2014–Ohio–4384, ¶ 15–19; *MBNA American. Bank v. Bailey,* 9th Dist. Summit No. 22912, 2006–Ohio–1550, ¶ 7. While these cases involved a garnishment rather than asset seizure, we see no reason why the same principle should not apply.

*Gary Moderalli Excavating, Inc. v. Trimat Constr., Inc.*, 4th Dist. Gallia No. 13CA14, 2015-Ohio-2475, ¶ 12; *See* Painter and Pollis, *Ohio Appellate Practice,* Section 2:14 (Nov. 2017) ("The case law offers no helpful explanation of what constitutes a 'summary application in an action after judgment' under R.C. 2505.02(B)(2).").

**{¶9}** Next, we must determine if the order "affects a substantial right." R.C. 2505.02(A)(1) defines a substantial right as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." The state's judgment, assigned to a collection agency, is a property interest that he is entitled to protect (collect) under law. Therefore, the order implicates a substantial right.

**{¶10}** However, we must still determine whether the order "affects" that right. An order that does not deprive a party of an opportunity for effective appellate review does not affect a substantial right. *See* Painter and Pollis, Ohio Appellate Practice, Section 2.6 (2016-2017 Ed.) citing *Frash v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 13AP-14, 2013-Ohio-2783. Deferring appellate review until after the court determines Horsley's ability to pay would not foreclose appropriate relief in the future. Therefore the order does not "affect" Horsley's substantial right, i.e. his property interest.

### III. CONCLUSION

**{¶11}** The order determining the amounts owed and outstanding and the timeliness of the collection efforts, but deferring the determination of the appellant's

economic ability to pay until a later date does not affect a substantial right. We lack

jurisdiction over the appeal. The appeal is hereby DISMISSED.

                                                **APPEAL DISMISSED. IT IS SO ORDERED.**

Harsha, J. & McFarland, J.: Concur.

                        For the Court


                        BY: _____
                              Marie Hoover, Administrative Judge


                        **NOTICE TO COUNSEL**

    **Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**