[Cite as *Lacy v. State*, 2019-Ohio-2973.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JAVONTE LACY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NOS. 2019-A-0030** **2019-A-0046** |
| STATE OF OHIO, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeals from the Court of Common Pleas, Case No. 2018 CV 0092.

Judgment: Appeals dismissed.

*Javonte Lacy*, pro se, PID# A704-102, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Plaintiff-Appellant).

*J. Jeffrey Holland*, Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Defendant-Appellee, Animal Protective League).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Catherine R. Colgan*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Defendant-Appellee, State of Ohio).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Javonte Lacy, filed a pro se appeal from two entries of the Ashtabula County Court of Common Pleas, in which the court granted the motion to dismiss filed by appellee, the state of Ohio, and granted the motion for summary judgment filed by appellee, Animal Protective League ("APL").

**{¶2}** A review of the docket reveals that on February 6, 2018, Mr. Lacy filed a civil complaint against appellees seeking replevin for the return of certain animals or damages in the amount of $10,200. APL filed its answer and a counterclaim. APL also filed a motion for default judgment on its counterclaim along with a motion for summary judgment. On August 13, 2018, the state of Ohio filed a motion to dismiss alleging that Mr. Lacy failed to state a claim upon which relief could be granted.

**{¶3}** In a January 29, 2019 entry, the trial court granted the state of Ohio's motion to dismiss. Mr. Lacy appealed that entry, and that appeal was assigned Case No. 2019-A-0030. In an entry dated April 1, 2019, the trial court granted the APL's motion for summary judgment and granted APL's default judgment. The trial court set a "hearing on damages on [Animal Protective League's] counterclaim and [its] request for attorney fees * * *." To date there has been no ruling on the damages from APL's counterclaim. Mr. Lacy also appealed that entry, and that appeal was assigned Case No. 2019-A-0046. Upon Mr. Lacy's request, this court consolidated the two appeals.

**{¶4}** On June 5, 2019, APL filed a motion to dismiss the appeal. Mr. Lacy responded to the motion to dismiss on June 19, 2019.

**{¶5}** Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter

2

must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

**{¶6}** R.C. 2505.02(B) defines a final order as one of the following:

**{¶7}** "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶8}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶9}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

**{¶10}** "(3) An order that vacates or sets aside a judgment or grants a new trial;

**{¶11}** "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

**{¶12}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**{¶13}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶14}** "(5) An order that determines that an action may or may not be maintained as a class action;

{¶15} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶16} "(7) An order in an appropriation proceeding * * *."

{¶17} Here, the trial court's January 29, 2019 entry granted the state of Ohio's motion to dismiss the replevin action. However, the counterclaim remained pending. Further, the trial court granted APL's motion for summary judgment on the counterclaim. However, the issue of damages and attorney fees remains pending.

{¶18} This court has stated that a judgment from "[a] civil proceeding that defers damages for a later determination of an uncertain amount is not a final appealable order because it does not determine the action, prevent a judgment, or affect a substantial right in a special proceeding." *State ex rel. DeWine v. RAAW, LLC*, 11th Dist. Trumbull No. 2015-T-0046, 2015-Ohio-4547, ¶ 19.

{¶19} In this matter, there is no final order because the trial court has not issued a ruling on damages or attorney fees. Thus, the action has not, in effect, been determined nor has a judgment been prevented. Furthermore, no substantial right has been affected. Appellant will have a meaningful and effective remedy by way of an appeal after the trial court enters a final order.

{¶20} Based upon the foregoing analysis, APL's motion to dismiss is hereby granted, and these appeals are dismissed for lack of a final appealable order.

{¶21} Appeals dismissed.


MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.

4