[Cite as *Champion Chrysler, Plymouth Jeep v. Dimension Serv. Corp.*, 2021-Ohio-2901.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Champion Chrysler, Plymouth Jeep et al., :

        Plaintiffs-Appellees,       :         No. 20AP-252

                                    (C.P.C. No. 17CVH-342)

v.                            :

                                   (REGULAR CALENDAR)

Dimension Service Corporation,     :

        Defendant-Appellant.       :

---

D E C I S I O N

Rendered on August 24, 2021

---

**On brief**: *Kegler Brown Hill + Ritter Co. LPA, Thomas W. Hill*, and *Robert G. Schuler*, for appellees. **Argued**: *Thomas W. Hill*.

**On brief**: *Roetzel & Andress, LPA, Christopher W. Tackett*, and *Lidia B. Ebersole*, for appellant. **Argued**: *Christopher W. Tackett*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Defendant-appellant, Dimension Service Corporation ("Dimension"), has filed a notice of appeal from a decision and entry of the Franklin County Court of Common Pleas granting a motion to enforce judgment filed by plaintiffs-appellees, Bert Ogden Dealer Group, Great Lakes Insurance Agency, Inc., and Allen Tillery Chevrolet (collectively "appellees").

{¶ 2} By way of factual background, and as set forth by this court in a prior appeal by Dimension in the underlying action, Dimension "administers vehicle service contracts" (i.e., extended car warranties) to automobile purchasers. *Champion Chrysler v. Dimension*

*Serv. Corp.,* 10th Dist. No. 17AP-860, 2018-Ohio-5248, ¶ 2.  Each appellee entered into a separate (but otherwise essentially identical) "Profit Share Agreement" ("PSA") with Dimension, whereby appellees agreed to sell Dimension's extended car warranties to consumers on Dimension's behalf.  *Id.*

{¶ 3}  On July 28, 2014, appellees "served a joint arbitration demand on Dimension, pursuant to the mandatory arbitration provisions in the PSAs, arguing that Dimension failed to make payments in violation of its obligation to do so under the PSAs." *Id.*  On October 19, 2016, an arbitration panel issued an interim award granting relief to appellees.  On December 27, 2016, the arbitration panel issued a final award, which set forth amounts due to each of the appellees.  At the time of the final award, however, not all of the contracts had expired; accordingly, the arbitration panel's final award further provided that, upon expiration of the last contract sold by a particular appellee (or claimant), Dimension was required to pay that appellee a final profit-share distribution from the date of expiration until the date of payment.

{¶ 4}  On January 11, 2017, appellees filed with the Franklin County Court of Common Pleas an application for an order confirming arbitration award.  On February 14, 2017, Dimension removed the case to the United States District Court for the Southern District of Ohio.  A federal magistrate subsequently issued a report recommending the case be remanded to state court.  Following objections by Dimension, a federal district judge issued an order, dated April 6, 2017, overruling the objections of Dimension and affirming the magistrate's report.  Dimension appealed that order, and the Sixth Circuit Court of Appeals dismissed the appeal.

{¶ 5}  The case was remanded to the Franklin County Court of Common Pleas and reactivated.  On August 28, 2017, appellees filed a motion to affirm arbitration award.  On August 31, 2017, Dimension filed a motion to vacate and remand the arbitration award.  On November 14, 2017, the trial court filed a decision granting appellees' motion to affirm arbitration award and denying Dimension's motion to vacate.  The decision of the trial court was journalized by judgment entry filed November 27, 2017.  Dimension filed a notice of appeal from the trial court's judgment and also filed with the trial court an emergency motion for temporary stay of execution.

{¶ 6} In *Champion Chrysler*, this court affirmed the judgment of the trial court granting appellees' motion to confirm the final arbitration award and denying Dimension's motion to vacate the award. Dimension subsequently filed with this court an application for en banc review and, in the alternative, a motion to certify a conflict to the Supreme Court of Ohio. This court issued a memorandum decision denying Dimension's application for en banc consideration and/or motion to certify. Dimension filed a notice of appeal with the Supreme Court which declined to accept jurisdiction of the appeal.

{¶ 7} On October 9, 2019, appellees filed with the trial court a joint motion to compel against Dimension. In the accompanying memorandum in support, appellees argued that the trial court, pursuant to an entry of November 27, 2017, had ordered Dimension to pay monetary damages accrued to date on the contracts at issue, and to produce certain documents and information upon which future damage payments were to be calculated and paid to appellees by Dimension. Appellees, asserting that Dimension had failed to produce documents necessary to calculate the balance of damages still due under the trial court's prior judgment entry, requested an order to compel the production of those documents.

{¶ 8} Appellees also initiated a garnishment action. On October 21, 2019, Dimension filed an emergency motion for the court to intervene and cancel the garnishment action. On October 25, 2019, the trial court issued an order granting Dimension's emergency motion. The order of the trial court stated in part: "At this time there is no outstanding judgment owed by [Dimension]. [Appellees] are still owed money, but this amount has not been formally established. Before seeking a garnishment, [appellees] must petition the Court to reduce the amount still owed to a formal judgment. Until that has happened, a garnishment is improper." (Oct. 25, 2019 Order.)

{¶ 9} On December 16, 2019, appellees filed a motion to enforce the trial court's judgment confirming the arbitration award. In its memorandum in support, appellees argued that, pursuant to the arbitration award and the trial court's judgment confirming that award, Dimension was required to pay the final profit-share distribution to appellees upon the occurrence of each individual appellee's triggering event (i.e., the expiration of the last vehicle service contract sold by an appellee). Appellees argued that the triggering events with respect to the various vehicle service contracts for each appellee had now

occurred, but that Dimension had failed to pay the final profit-share distributions in full to each of the moving appellees; appellees further argued Dimension was now asserting it was entitled to exclude net investment income from the final calculation despite the fact the PSAs included such income as part of the distribution. Appellees requested an order by the court directing Dimension to produce an accounting of the final profit-share distributions owed to each of the appellees, as well as an order requiring Dimension to produce all documents relating to its calculation of the final profit-share distribution.

{¶ 10} On January 14, 2020, Dimension filed a memorandum in opposition to appellees' motion to enforce. In its memorandum, Dimension asserted appellees' motion raised numerous issues that could only be addressed through arbitration.

{¶ 11} On April 3, 2020, the trial court filed a decision and entry granting appellees' motion to enforce judgment. In its decision, the trial court ordered Dimension to pay appellees "their final profit-share distributions, which are to include net investment income." (Decision & Entry Granting Appellees' Mot. to Enforce Jgmt. at 5.)

{¶ 12} Dimension has appealed from that decision, setting forth the following four assignments of error for this court's review:

> [I.] The Trial Court erred by denying Dimension its right to arbitration and not applying Ohio's well-recognized presumption in favor of arbitrating disputes that are governed by a valid arbitration clause.
>
> [II.] The Trial Court's Decision exceeds the scope of its authority under R.C. 2711.14, since the motion to enforce sought a new fact-finding and calculations of an issue not addressed by the arbitration award, as opposed to enforcement of a liquidated figure that was awarded.
>
> [III.] In Addition to exceeding its authority by conducting the analysis, the Trial Court's Decision also erred by finding that investment income must be included in the final profit share calculations, because that finding was not supported by the Award or the Judgment Affirming the Award.
>
> [IV.] The Trial Court's Decision errs by granting Appellees an unbridled right to unilaterally interpret the Profit Share Agreements and demand any amount when it grants them the blanket right to enforce but fails to sufficiently describe what supplemental amount is to be paid by Appellants.

{¶ 13} We initially address a threshold issue, raised by appellees in a motion to dismiss, as to whether the decision and entry granting the motion to enforce judgment is a final appealable order. Specifically, appellees contend the entry from which Dimension has appealed addresses only one issue, i.e., whether Dimension was required to include net investment income as part of the award, and that yet to be determined is the amount of the final profit-share distributions owed by Dimension. According to appellees, the next step for the trial court, before it can quantify the final profit-share distributions, is to compel Dimension to respond to post-judgment discovery requests necessary to determine the correct amount of such distributions.

{¶ 14} Ohio Constitution, Article IV, Section 3(B)(2) "restricts an appellate court's jurisdiction over trial court decisions to the review of final orders." *Binns v. Sterling Jewelers, Inc.*, 9th Dist. No. 24522, 2009-Ohio-3359, ¶ 8. In the absence of a final appealable order, this court is "without jurisdiction to decide the appeal." *Toronto Dominion Bank v. Sami Faez Muhtadie*, 2d Dist. No. 05-CA-51, 2006-Ohio-268, ¶ 4. R.C. 2505.02(B) specifies what types of "orders, judgments and decrees are final appealable orders." *Corbitt v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. No. 03AP-897, 2004-Ohio-1011, ¶ 5.

{¶ 15} As noted, appellees assert the trial court's order at issue is not a final order because the amount of the final profit-share distributions owed to them by Dimension has yet to be determined. In response to appellees' motion to dismiss, Dimension argues the trial court's decision is a final appealable order, citing the provisions of R.C. 2711.15, which govern appeals from arbitration awards.

{¶ 16} R.C. 2711.15 states as follows: "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."

{¶ 17} Dimension does not contend that it seeks to appeal from an order "confirming, modifying, correcting, or vacating an award made in an arbitration proceeding." Rather, Dimension relies on that portion of R.C. 2711.15 permitting an appeal "from judgment entered upon an award." According to Dimension, the language of R.C. 2711.15 "suggests" that "any ruling" entered on an arbitration award is a final appealable order. (Dimension's Opp. to Appellees' Mot. to Dismiss Appeal at 8.)

{¶ 18} In addressing Dimension's reliance on the above language of R.C. 2711.15, appellees argue the current order from which Dimension has filed an appeal is not from a "judgment entered upon an award" but, rather, a decision by the trial court interpreting and enforcing its own prior judgment.[1] Specifically, appellees point to language in the court's decision stating that when it previously "affirmed the arbitration panel's award, it affirmed the inclusion of net investment income." (Decision & Entry Granting Appellees' Mot. to Enforce Jgmt. at 4.) Based on that determination, the trial court further held "the inclusion of net investment income is part of this Court's final judgment and Dimension is required to include it in the final profit-share distributions made to [appellees]." (Decision & Entry Granting Appellees' Mot. to Enforce Jgmt. at 4-5.)

{¶ 19} Dimension's contention that the language of R.C. 2711.15 "suggests" that any ruling entered on an arbitration award is a final appealable order is not persuasive. The Supreme Court has held that R.C. 2505.02 and 2711.15 are to be read "*in pari material*," and that "it is crucial that an order made pursuant to R.C. 2711.15 must satisfy the requirements of R.C. 2505.02 in order to be a final appealable order if the court of appeals is to have jurisdiction to hear an appeal from such an order." *Stewart v. Midwestern Indem. Co.*, 45 Ohio St.3d 124, 126 (1989).

{¶ 20} The only subsections of R.C. 2505.02(B) arguably applicable for purposes of vesting jurisdiction with respect to the instant appeal are R.C. 2505.02(B)(1) and/or (2). R.C. 2505.02(B)(1) defines a final order to include "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." Pursuant to R.C. 2505.02(A)(1), a substantial right is defined to mean "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Further, "[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Youngstown State Univ. v. Youngstown State Univ. Assn. of Classified Employees,* 7th Dist. No. 13 MA 104, 2013-Ohio-5862, ¶ 27, citing *Hamilton Cty. Bd. of*

---

[1] As noted by appellees (and as set forth under the facts), the trial court previously granted (on November 27, 2017) appellees' motion to confirm the arbitration panel's award. Dimension appealed that judgment and this court, in *Champion Chrysler*, affirmed the judgment of the trial court.

*Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989).

{¶ 21} R.C. 2505.02(B)(2) defines a final order to include "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." A special proceeding is defined to mean "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." *Youngstown State* at ¶ 28, citing R.C. 2505.02(A)(2).

{¶ 22} Under both R.C. 2505.02(B)(1) and (2), "an order is a final order only if it affects a substantial right." *Epic Props. v. OSU LaBamba, Inc.*, 10th Dist. No. 07AP-44, 2007-Ohio-5021, ¶ 13. An order affects a substantial right "only if an immediate appeal is necessary to protect the right effectively as the appellants must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future." *Youngstown State* at ¶ 28, citing *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 7, 10-11. *See also Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993) ("An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future."); *State v. Horsley*, 4th Dist. No. 18CA4, 2018-Ohio-4203, ¶ 10 ("An order that does not deprive a party of an opportunity for effective appellate review does not affect a substantial right."). Thus, "[u]nless a trial court's order *affects* the parties' substantial rights, the order is not final." (Emphasis sic.) *Epic Props.* at ¶ 14.

{¶ 23} In general, "orders determining liability in the plaintiff's favor but deferring the issue of damages are not final appealable orders because they do not determine the action or prevent a judgment." *Newcomer v. Nationwide Ins. Ent.*, 10th Dist. No. 02AP-873, 2003-Ohio-960, ¶ 12, citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997). *See also State ex rel. Dewine v. RAAW, LLC*, 11th Dist. No. 2015-T-0046, 2015-Ohio-4547, ¶ 19 ("A civil proceeding that defers damages for a later determination of an uncertain amount is not a final appealable order because it does not determine the action, prevent a judgment, or affect a substantial right in a special proceeding.").

{¶ 24} On review, we find the trial court's decision granting appellees' motion to enforce is not a final appealable order, as it did not affect a substantial right of Dimension.

As noted by appellees, the trial court has yet to determine the amount of the final profit-share distributions owed by Dimension. *See*, *e.g.*, *Corbitt* at ¶ 7 (even assuming the present action is a special proceeding, and that a substantial right exists, the order "is not a final appealable order because it does not *affect* a substantial right" where trial court "has yet to determine the amount of [plaintiff's] damages or to order [defendant] to pay the appropriate amount of * * * benefits based upon those damages") (Emphasis sic.); *Franklin Mgt. Indus. v. Motorcars Infiniti, Inc.*, 8th Dist. No. 93630, 2010-Ohi0-1871, ¶ 17 (only after trial court enters "the amount" of the arbitration award and plaintiff executes on the judgment "will any substantial rights of the appellants be affected under R.C. 2505.02"); *134 W. 46th St. Holdings, LLC v. Myers*, 11th Dist. No. 2012-A-0009, 2012-Ohio-4469, ¶ 10 (trial court's judgment granting motion to enforce judgment and deferring damages for a later determination of an uncertain amount "is not a final, appealable order as contemplated by R.C. 2505.02").

{¶ 25} While Dimension seeks to challenge the trial court's determination that the final profit-share distributions are to include net investment income on grounds that issues raised in the motion to enforce are subject to arbitration, the order is not "one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell* at 63. Stated otherwise, there has been no showing that Dimension would not have an adequate remedy in bringing an appeal of those issues (i.e., calculation and arbitrability issues) once the trial court has determined the final amount of Dimension's obligation to appellees. *See*, *e.g.*, *Toronto Dominion Bank* at ¶ 11 (nothing would foreclose appellants from raising issue whether foreign judgment had been properly domesticated after a final determination as to the "amount of the domestication judgment"; appellate court could adequately review both the domestication determination and its determination as to the amount of judgment "in a single appeal after a final judgment of the trial court").

{¶ 26} Here, the order appealed from by Dimension did not affect a substantial right, and we therefore lack jurisdiction over this matter. Accordingly, we grant appellees' motion to dismiss, and this appeal is dismissed for lack of a final appealable order.

*Motion to dismiss granted; appeal dismissed.*

DORRIAN, P.J., and KLATT, J., concur.

_____