[Cite as *Citibank, N.A. v. Hine*, 2017-Ohio-5537.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Citibank, N.A., | : | Case No. 17CA3598 |
| Plaintiff-Appellee, | : | |
| v. | : | **DECISION AND JUDGMENT ENTRY** |
| Katherine Hine, | : | |
| Defendant-Appellant. | : | **RELEASED: 06/23/2017** |

APPEARANCES:

David L. Kastner, Beavercreek, Ohio, for appellants.

Robert C. Folland and David J. Dirisamer, Barnes & Thornburg LLP, Columbus, Ohio, for appellee.
_____
Harsha, A.J.

{¶1}    Appellants Katherine Hine and Karen Stanley filed a motion for stay pending appeal. Appellee Citibank, N.A. ("Citibank") filed a response to the motion asserting – among other arguments - that the challenged entries are not final appealable orders. After reviewing Citibank's response, we directed Ms. Hine and Ms. Stanley to file a memorandum addressing whether this Court has jurisdiction over this appeal or whether it should be dismissed for lack of a final appealable order. After reviewing the filings and relevant law we conclude that there is no final appealable order and **DISMISS** this appeal. We also **DENY** the motion for stay pending appeal for lack of jurisdiction.

I.   Procedural History

{¶2}    Citibank filed an action against Ms. Hine to collect a credit card debt. During discovery Citibank issued notices of deposition to both Ms. Hine and Ms. Stanley, with a subpoena attached to Ms. Stanley's notice of deposition. Citibank asserts that Ms. Stanley

is a factual witness to the action because she appears to have been an authorized user on the account, signed checks for payment of the debt from a joint bank account with Ms. Hine, and had communications with Citibank regarding the delinquent credit account.

{¶3} In response to the deposition notices Ms. Hine and Ms. Stanley filed a joint motion for a protective order. Ms. Hine asserted that she resides in Uruguay and should not be compelled to submit to a deposition outside her country of residence. Ms. Stanley asked that the protective order be granted and the subpoena quashed because she is a paralegal for Ms. Hine's attorney in this matter and therefore attorney-client privilege applies. She further stated that she is Ms. Hine's "spiritual advisor" and the clergy privilege also applies. Finally, she stated that the subpoena created an undue burden because it would be tedious and time consuming to sort through the voluminous records she has and there may be documents/correspondence relating to Ms. Hine that have nothing to do with this case.

{¶4} Citibank filed a motion to compel responses and discovery requests and compel depositions, as well as an opposition to the motion for a protective order, indicating that it intended to depose Ms. Stanley as a factual witness not regarding any work as a paralegal. Citibank further argued that any clergy privilege applies only to information communicated for religious counseling purposes and any information related to the delinquent account would not fall under this privilege. Finally, Citibank argued that Ms. Hine listed a Chillicothe address – not a residence in Uruguay – in her initial discovery response.

{¶5} The trial court held a hearing to address the discovery disputes. Following the hearing, the trial court issued an order granting Citibank's motion to compel. The court ordered Ms. Hine to sit for a deposition to be taken via electronic means selected by

Citibank's counsel and, if she failed to report, to appear in person in Chillicothe for a deposition. The court also ordered Ms. Stanley to appear for a deposition in Chillicothe.[1] The trial court further indicated that it would set a hearing on the issue of possible sanctions against Ms. Hine and her counsel at a later date, based on Ms. Hine's compliance with the court's order, and set forth further scheduling orders including a pretrial conference. The court ordered that counsel be present at the pretrial conference but client representatives did not need to attend as long as someone with full settlement authority was present by telephone during the course of the proceeding.

### I.        Law on Final Appealable Orders

{¶6}    It is well established that an order must be final before it can be reviewed by an appellate court. See Section 3(B)(2), Article IV of the Ohio Constitution. See, also, *General Acc. Ins. Co. v. Insurance Co. of North American*,  44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Lisath v. Cochran*, 4th Dist. No. 92CA25, 1993 WL 120627 (Apr. 15, 1993); *In re Christian*, 4th Dist. No. 1507, 1992 WL 174718 (July 22, 1992).

{¶7}    "Generally, discovery rulings are interlocutory orders that are not final and appealable because any harm in an erroneous ruling is correctable on appeal at the conclusion of the entire case." *Nationwide Mut. Fire Ins. Co. v. Jones*, 4th Dist. Scioto No. 15CA3709, 2016-Ohio-513, at ¶ 7, citing *Walters v. Enrichment Center of Wishing Well, Inc.*, 78 Ohio St.3d 118, 776 N.E.2d 90, 893 (1997). But R.C. 2505.02(B)(4) defines a final order as:

---

[1] Ms. Stanley appeared for her deposition but counsel was not present and Ms. Stanley indicated that she did not want to proceed absent counsel. Therefore, the deposition did not proceed.

> An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(A)(3) defines a "provisional remedy" as a remedy sought in a "proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of a privileged matter, suppression of evidence, * * *." Accordingly, some discovery orders are final appealable orders under R.C. 2505.02(B)(4) even though they are interlocutory in nature.

### A. Karen Stanley Deposition

{¶8}    As both parties recognize courts have held that the denial of a motion to quash a subpoena is a final appealable order as it relates to a non-party. See, e.g., *Foor v. Huntington Ntl. Bank*, 27 Ohio App.3d 76 (10th Dist. 1986); *Bonewitz v. Red Ferris Chevrolet, Inc.*, 9th Dist. Wayne No. 01CA0006, 2001 WL 1094537 (Sept. 19, 2001); *Future Communications, Inc. v. Hightower*, 10th Dist. No. 01AP-1175, 2002-Ohio-2245. Citibank contends that Ms. Stanley filed a motion for a protective order – not a motion to quash a subpoena – so we should not apply those cases here. However, when determining the underlying purpose of a motion the substance or "true nature" of the motion rather than its title controls. *Peterson v. Peterson*, 12th Dist. Butler CA97-09-169, 1998 WL 166475 (Apr. 6, 1998). Ms. Stanley was clearly trying to quash the subpoena that was issued by Citibank and even refers to quashing the subpoena in the body of the motion despite its title. Nonetheless we conclude that the order that Ms. Stanley appear

for deposition is not a final appealable order.

{¶9} In *Foor* a non-party attorney filed a motion to quash a subpoena duces tecum, issued to him by a former client, which required the attorney to produce papers relating to his previous representation of the client. The 10th District determined that the trial court's order overruling the motion was made in a special proceeding and affected a substantial right, i.e. the right of an attorney to a retaining lien. *Foor* at 78. The 10th District noted that its holding was based on "the unique circumstances involved" in the case and ultimately concluded that the order overruling the motion to quash was a final appealable order. Id. at 79. Notably, *Foor* was decided prior to the 1998 amendment adding R.C. 2505.02(B)(4) so it is of limited value.

{¶10} In *Bonewitz*, a non-party witness in a sexual discrimination suit filed a motion to quash a subpoena, asserting that her attendance at deposition would cause an "undue burden" and that she had no personal knowledge of the plaintiff as she was not employed at the defendant employer when plaintiff worked there. The 9th District Court of Appeals affirmed the trial court's order denying the motion to quash the subpoena but did not specifically address why the challenged entry was a final appealable order.

{¶11} *Future Communications* is most helpful to Ms. Stanley's argument. In *Future Communications*, a non-party father appealed the trial court's denial of a motion to quash a subpoena served on him in an attempt to locate assets of the sons. The father alleged the subpoena would subject him to undue burden and harassment. Id. at ¶¶ 1-3. The 10th District conducted a thorough analysis of whether the appealed order was a final appealable order pursuant to R.C. 2505.02(B)(4). The court concluded that: (1) the trial court's decision was ancillary to the proceeding as it denied a motion to quash and required the father to comply with the subpoena, and (2) the father would not have a

meaningful or effective remedy by appealing the decision following the final judgment in the action because the father would have already produced the disputed financial documents. Id. at ¶ 12.

{¶12} The court also rejected the appellee's contention that the decision was not a provisional remedy because it did not relate to the discovery of privileged matter. Id. at ¶ 11. The 10th District recognized that R.C. 2505.02(A)(3) specifically listed discovery of privileged matter but, by its express terms, the statute did not set forth an all-inclusive list of proceedings that constitute a provisional remedy; therefore, there can be other ancillary proceedings that are provisional remedies other than those listed in the statute. Id. The 10th District concluded that "an appeal from a decision denying a non-party's motion to quash a subpoena is a final appealable order." Id. at ¶ 13.

{¶13} Notably, however, another panel of the 10th District reached a different conclusion under different facts. In *Autumn Health Care of Zanesville, LLC v. DeWine*, 10th Dist. Franklin No. 14AP-593, 2015-Ohio-2655, Autumn Healthcare issued subpoena duces tecum on four employees of the Ohio Attorney General's Office who were not parties to the litigation. The non-party employees moved to quash the subpoenas, asserting that the requested documents were protected under the law enforcement investigatory privilege. Id. at ¶ 3. The trial court denied the motion to quash and ordered the employees to appear for discovery depositions. The 10th District noted that an order that requires the disclosure of privileged material may be a final order under R.C. 2505.02(B)(4) but in the present case the record was insufficiently developed to determine whether the testimony sought at the depositions would involve the disclosure of privileged information. Id. at ¶ 7. Although compelling the employees to answer questions at the depositions *might* require the disclosure of privileged information, the disclosure of

privileged information depends on the questions asked in the depositions. Id. at ¶ 9. The 10th District concluded that it could not resolve the matter without knowing the specific questions asked and the ground upon which privilege was asserted. Id. The court concluded that to the extent the trial court's order required the employees to attend the depositions, it was not a final appealable order. Id.

{¶14}  Although we agree that the 10th District's analysis in *Future Communications* was very thorough, we are uncomfortable applying its holding here. First, to conclude that a non-party can appeal the denial of a motion to quash a subpoena even absent extraordinary circumstances - such as the disclosure of privileged information - would seriously impede the progress of a case. Non-parties are frequently witnesses who are subpoenaed to provide information to the parties and to conclude there is an automatic right to appeal regardless of the circumstances would be extremely burdensome to the litigation and delay the progress of cases to resolve discovery matters. Further, Ms. Stanley asserts that any information she possesses may be protected by attorney-client or clergy privilege but this Court has no way of determining the legitimacy of those claims when Citibank has not yet had an opportunity to question Ms. Stanley.

{¶15}  We find that this case is similar to *Autumn Healthcare* in that the record here is insufficiently developed to establish that Ms. Stanley's deposition would result in the disclosure of any privileged materials. We find that the trial court's order does not "determine[] the action with respect to the provisional remedy and prevent[] a judgment in the action in favor of" Ms. Stanley. Although the trial court ordered Ms. Stanley to appear for the deposition, the trial court has not yet determined whether any of the information sought by Citibank is privileged. Counsel may object to questions posed to Ms. Stanley and specify the basis for the objection so the trial court can determine the applicability of

any privilege. After the trial court has issued its rulings, the requirements of R.C. 2505.02(B)(4) may be satisfied. See also *Dispatch Printing Co., et al. v. Recovery Limited Partnership*, 166 Ohio App.3d 118, 123 (10th Dist. 2006) (holding trial court's order overruling objections to subpoena duces tecum filed by non-party accountant and denial of motion for protective order was not final appealable order because the order did not provide unfettered access to trade secrets and proprietary information, but rather imposed safeguards to protect the dissemination of the information and trial court could hold additional hearings, in-camera inspections and the like if warranted).

{¶16}  Ms. Stanley also argued that the subpoena was unduly burdensome because she would need to sort through records and this would be tedious and time consuming. However, the subpoena does not direct Ms. Stanley to provide any documents to Citibank and she has not made any claims of undue burden relating solely to her appearance at the deposition.

{¶17}  For these reasons, we find that Ms. Stanley has not demonstrated that the trial court's order simply ordering her to appear for a deposition determines the action with respect to the information she must provide or prevents a judgment in her favor. Accordingly, we find that the trial court's order that Ms. Stanley appear for deposition is not a final appealable order.

### B. Katherine Hine Deposition

{¶18}  Ms. Hine asserts that the order that she appear for deposition is a final appealable order because it orders her to appear for a deposition even though she lives outside the country. Civ.R. 30(A) provides that a party can compel a party deponent to attend a deposition, regardless of residence or domicile, by serving the party with notice. *Midwest Sportservice, Inc. v. Andreoli*, 3 Ohio App.3d 242, 244 (1st Dist. 1981). And Ms.

Hine has cited no authority for her claim that ordering a party to appear for a deposition is a final appealable order.

{¶19} Ms. Hine also claims that the attorney-client privilege may prevent her disclosure of certain information. For the same reasons cited by this Court in analyzing Ms. Stanley's claims, we find that the trial court has not determined the applicability of the attorney-client privilege. Therefore, we conclude that the trial court's order that Ms. Hine appear for deposition is likewise not a final appealable order.

## II.    Conclusion

{¶20} Because the trial court's order is not a final appealable order with respect to either Ms. Stanley or Ms. Hine, we lack jurisdiction in this matter. **APPEAL DISMISSED. COSTS TO APPELLANTS.**

{¶21} The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail and record service on the docket. **SO ORDERED.**

Abele, J.: Concurs.
McFarland, J.: Dissents.

**FOR THE COURT**

_____
William H. Harsha
Administrative Judge