**[Cite as *State v. Gronbeck*, 2024-Ohio-26.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-68 |
| | : | |
| v. | : | Trial Court Case No. 2022CR0464 |
| | : | |
| DONALD A. GRONBECK | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 2, 2024

. . . . . . . . . . .

MEGAN A. HAMMOND, Attorney for Appellee, State of Ohio

PATRICK T. CLARK, Attorney for Defendant/Appellee, Donald A. Gronbeck

KONRAD KIRCHER, Attorney for Appellants/Victims, E.W. and N.P.

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Non-party appellants E.W. and N.P. appeal from the trial court's November 28, 2023 decision, order, and entry overruling a motion to quash and objections to subpoenas issued by defendant-appellee Donald A. Gronbeck.

{¶ 2} The appellants sought to prevent Gronbeck, a former family physician, from obtaining their medical, counseling, and other records in connection with his defense against criminal charges involving sexual exploitation of E.W., N.P., and others. In their sole assignment of error, the appellants contend "[t]he trial court erred in balancing the purported discovery needs of a criminal defendant against the privacy rights and privileges of a crime victim."

{¶ 3} We conclude that the ruling from which the appellants have appealed is not final under R.C. 2505.02(B). Accordingly, the appeal will be dismissed.

## I. Background

{¶ 4} Following his indictment on numerous criminal charges, Gronbeck issued subpoenas for records of former patients including E.W. and N.P. After being notified of the subpoenas, three former patients (N.P., N.M., and T.H.) advised the State that they opposed their records being released. The State conveyed their objections to the trial court by filing notices of opposition. A fourth former patient (E.W.) obtained counsel and moved to quash the subpoena for her records.

{¶ 5} As grounds for opposing their records being released, the former patients largely relied on Marsy's Law, a 2018 victim-rights amendment to the Ohio Constitution. In particular, the former patients invoked Article I, Section 10a, which generally gives a crime victim the right "to refuse * * * [a] discovery request made by the accused or any person acting on behalf of the accused" and grants a crime victim the right "to be treated with fairness and respect for the victim's safety, dignity and privacy."

{¶ 6} The discovery dispute proceeded to a November 17, 2023 hearing before the

trial court. At the outset of the hearing, the trial court rejected arguments that Gronbeck's subpoenas violated the Fourth Amendment and that he had no right to pre-trial discovery under the Ohio Constitution. The trial court then recognized a need to balance the former patients' right to refuse discovery against Gronbeck's right to discovery. In evaluating these competing interests, the trial court turned to R.C. 2930.071(A), which took effect in April 2023. The statute addresses subpoenas for crime victims' records and provides:

> (A)(1) A defendant who seeks to subpoena records of or concerning the victim shall serve the prosecutor, the victim, and the victim's attorney, if applicable, with a copy of the subpoena.
>
> The prosecutor shall ensure that the defendant is provided the information necessary to effect such service.
>
> (2)(a) Pursuant to Criminal Rule 17, the court, on a motion made promptly and at or before the time specified in the subpoena for compliance, may quash or modify the subpoena if compliance would be unreasonable or oppressive.
>
> (b) Upon the filing of a motion to quash, the court shall conduct a hearing in which the proponent of the subpoena shall prove all of the following:
>
> (i) That the documents are evidentiary and relevant;
>
> (ii) That the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
>
> (iii) That the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such

inspection may tend unreasonably to delay the trial;

(iv) That the application is made in good faith and is not a violation of Ohio Rules of Criminal Procedure.

(3) If the court does not quash the subpoena, the court shall conduct an in-camera review of any records as to which a right of privilege has been asserted.

(4) If the court determines that any of the records reviewed in camera are privileged or constitutionally protected, the court shall balance the victim's rights and privileges against the constitutional rights of the defendant. * * *

{¶ 7} As to each former patient, counsel for Gronbeck argued at the hearing that (1) the records he sought were evidentiary and relevant, (2) they were not reasonably obtainable otherwise, (3) he could not properly prepare for trial without the records and his failure to obtain them might tend to delay his trial unreasonably, and (4) his subpoenas were issued in good faith and in compliance with the criminal rules. Although counsel for E.W. (the only former patient represented by counsel at the hearing) and the prosecutor tepidly addressed a few points, they largely did not dispute Gronbeck's ability to make the showings required by R.C. 2930.071(A)(2)(b). Their primary contention was that the requested records were privileged.

{¶ 8} After hearing argument about Gronbeck's need for the records of each former patient, the trial court held that he had satisfied the four-part test in R.C. 2930.071(A)(2)(b). The trial court proceeded separately to balance and weigh each former patient's right to refuse discovery under Marsy's Law and each former patient's

privilege against disclosure against Gronbeck's constitutional right to inspect the records to preserve his right to a fair trial. With respect to each former patient, the trial court determined that Gronbeck's rights prevailed. Rather than ordering compliance with the subpoenas and immediate disclosure of the records, however, the trial court ordered all of the records to be delivered to it for a December 1, 2023 in-camera review. The trial court explained that the purpose of the review would be to determine precisely which records were relevant so that only those records would be released. *See* November 17, 2023 Motion Hearing at 36-37, 48-49, 56-57, 66. Although the trial court made clear at the hearing that it would conduct an in-camera inspection of the records pertaining to each former patient, the only journal entry in the record (which was filed on November 17, 2023) ordered an in-camera inspection of records pertaining to former patient N.P.

{¶ 9} Following the hearing, the trial court filed its November 28, 2023 decision, order, and entry overruling E.W.'s motion to quash a subpoena and the "opposition" filings submitted by the State on behalf of N.M., N.P., and T.H. The following day, E.W. and N.P. appealed from the trial court's ruling. The trial court then postponed its scheduled December 1, 2023 in-camera review pending our resolution of the appeal.

## II. Analysis

{¶ 10} E.W. and N.P. contend the trial court erred in its balancing of Gronbeck's need for discovery against their privacy rights and privileges as crime victims. They argue that their records are protected by the physician-patient privilege found in R.C. 2317.02, the language of Marsy's Law, and the Fourth Amendment to the U.S. Constitution. To the extent that R.C. 2930.071(A) might authorize disclosure of their records to Gronbeck, the

appellants contend it is overridden by Marsy's Law. They insist that even in-camera inspection of the records at issue is contrary to the protection provided by Marsy's Law. The appellants also assert that Gronbeck has no right to discovery under either the Ohio or U.S. Constitution. Finally, they argue that *State v. Boyle*, 8th Dist. Cuyahoga No. 113045, 2023-Ohio-3161, a case cited by the trial court, was wrongly decided and should not be followed.

{¶ 11} We begin our analysis by examining our jurisdiction. As noted above, E.W. has appealed from the trial court's overruling of her motion to quash a subpoena. N.P. has appealed from the trial court's overruling of her "opposition" to disclosure of her records. For present purposes, we will construe N.P.'s opposition filing as a motion to quash. *Citibank, N.A. v. Hine*, 2017-Ohio-5537, 93 N.E.3d 108, ¶ 8 (4th Dist.) ("[W]hen determining the underlying purpose of a motion the substance or 'true nature' of the motion rather than its title controls.").

{¶ 12} Article IV, Section 3(B)(2) of the Ohio Constitution limits this court's jurisdiction to the review of "judgments or final orders." Typically, "trial court orders addressing discovery matters are not immediately appealable as they are interlocutory in nature." *Bokma v. Raglin*, 2d Dist. Montgomery No. 29250, 2022-Ohio-960, ¶ 7. Under R.C. 2505.02(B)(4), however, a discovery order is final and appealable if it grants or denies a provisional remedy and both of the following apply: (1) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy; and (2) the appealing party would not be afforded a meaningful remedy by an appeal following

final judgment.

{¶ 13} The issuance of a subpoena constitutes a provisional remedy, as it is ancillary to the main action. *In re Disinterment of Glass*, 2021-Ohio-4645, 182 N.E.3d 22, ¶ 27 (2d Dist.). Thus, the denial of motion to quash a subpoena directed toward a non-party is appealable under R.C. 2505.02(B)(4) if it determines the action with respect to the records at issue and the harm from disclosure cannot be remedied after a final judgment. *Id.* at ¶ 28-30. In *Estate of Wiedemer v. Cleveland Yachting Club, Inc.*, 8th Dist. Cuyahoga Nos. 110432, 110681, 2022-Ohio-20, the Eighth District observed that "[t]he denial of a motion to quash requires a nonparty to produce documents." *Id.* at ¶ 11. It reasoned that "[t]his act cannot be remedied at the conclusion of the case, long after the documents have been produced." *Id.* Therefore, "because the appealing party lacks any meaningful remedy following the final judgment as contemplated under R.C. 2505.02(B)(4), the denial of a motion to quash is generally considered a final appealable order." *Id.*

{¶ 14} In the present case, however, the trial court's overruling of the motions filed by E.W. and N.P. did not require them to disclose any records to Gronbeck. Upon overruling their motions, the trial court ordered an in-camera review of all records. Therefore, the trial court's November 28, 2023 decision, order, and entry did not "determine the action" with respect to the provisional remedy or prevent a judgment in favor of the appellants with respect to their records. "An in camera inspection is not an order that requires the disclosure of materials to another party. Therefore, orders for an in camera inspection do not constitute final orders." *Blue Technologies Smart Solutions,*

*LLC v. Ohio Collaborative Learning Solutions, Inc.*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935, ¶ 15; *see also Daher v. Cuyahoga Community College Dist.*, 155 Ohio St.3d 271, 2018-Ohio-4462, 120 N.E.3d 830, ¶ 14 ("The trial court ordered its own court reporter to submit grand-jury materials for in camera inspection so that the trial court could determine whether to order disclosure of the materials to Daher. In short, the trial court's order neither granted nor denied the provisional remedy of compelling the disclosure of grand-jury materials to Daher. Because it did not grant or deny a provisional remedy, the trial court's order did not meet the first requirement of R.C. 2505.02(B)(4). Only after the trial court denies the motion to quash and orders its court reporter to comply with the subpoena and disclose the sought-after materials to Daher would appellate review be available to the court reporter as an avenue to seek relief."); *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 166 Ohio App.3d 118, 2006-Ohio-1347, 849 N.E.2d 297 (10th Dist.) (finding no appealable order where the trial court refused to quash and overruled objections to a subpoena in a "directory decision" that did not order disclosure and, instead, imposed prospective "safeguards" including the possibility of additional hearings and in-camera review).

{¶ 15} As for the appellants' argument that even in-camera inspection of the records at issue violates the protections provided by Marsy's Law, we disagree. Marsy's Law generally grants crime victims a right to refuse discovery requests by an accused and to be treated with fairness and respect with regard to their privacy. In our view, allowing the trial court to examine the appellants' records in camera does not violate the rights provided by Marsy's Law. We are unpersuaded that private review by a judge who

is sworn to maintain confidentiality will compromise the appellants' privacy or any privilege they may possess. "Disclosing privileged information to a judge for in camera inspection is not tantamount to disclosing it to [a] party in the case. Confidentiality has not been compromised; our judiciary can be trusted to keep confidential information confidential." *King v. Am. Std. Ins. Co. of Ohio*, 6th Dist. Lucas No. L-06-1306, 2006-Ohio-5774, ¶ 27.

{¶ 16} Finally, we note that under R.C. 2930.071(A)(3) and (4), the primary purpose of the required in-camera review is to enable a trial court to assess a crime victim's privilege claim *after* examining the records. If a trial court does not quash a subpoena (because the defendant made the four showings required by R.C. 2930.071(A)(2)(b), which occurred here), it then "shall conduct an in-camera review of any records as to which a right of privilege has been asserted." R.C. 2930.071(A)(3). "If the court determines that any of the records reviewed in camera are privileged or constitutionally protected, the court shall balance the victim's rights and privileges against the constitutional rights of the defendant." R.C. 2930.071(A)(4). In the present case, the trial court prematurely resolved the privilege issue and conducted its balancing prior to an in-camera review. Although the trial court certainly may re-evaluate the records' relevance during its in-camera review, the statutory purpose of the review is to assess the former patients' claims of privilege.

{¶ 17} In any event, based on the reasoning set forth above, we conclude that the trial court's November 28, 2023 decision, order, and entry overruling E.W.'s motion to quash a subpoena and the "opposition" filings submitted by the State on behalf of N.M., N.P., and T.H is not a final, appealable order. We find nothing in Marsy's Law to negate

our determination that the trial court's ruling did not "determine the action" with respect to Gronbeck's subpoenas or prevent a judgment in favor of the appellants with respect to their records because (1) no records were ordered disclosed to Gronbeck and (2) the trial court's in-camera review conceivably could result in no records ever being disclosed to him.

{¶ 18} We recognize that in *Boyle,* 8th Dist. Cuyahoga No. 113045, 2023-Ohio-3161, the Eighth District recently decided an appeal from a trial court's denial of a crime victim's motion to quash a subpoena prior to an in-camera review. As in the present case, the trial court in *Boyle* denied the motion to quash after a hearing at which the defendant made the threshold showings required by R.C. 2930.071(A)(2)(b). In conjunction with denying the motion to quash, the trial court scheduled an in-camera review, explaining that it would examine the records to determine what would be disclosed to the defendant. On appeal, the Eighth District affirmed the trial court's denial of the motion to quash. With respect to its jurisdiction, the Eighth District recited the general rule that the denial of a non-party's motion to quash a subpoena is a final order. *Boyle* at ¶ 10. Although that is true as a general proposition, the Eighth District's jurisdictional analysis did not explicitly consider the fact that no records had been ordered disclosed to the defendant or that the scheduled in-camera review could result in records never being disclosed.

{¶ 19} The Eighth District also noted in *Boyle* that a crime victim has "standing" to file a direct appeal when a trial court issues an order that denies the victim his or her constitutional rights under Marsy's Law. *Id.* at ¶ 11-12. We certainly agree. In our view, however, the appellants' right under the Ohio Constitution to refuse a discovery request

has not yet been denied. The action has not been determined with respect to the provisional remedy, and the appellants have not been precluded from obtaining a favorable judgment after the scheduled in-camera review. We note too that pursuing a single appeal after the in-camera review mandated by R.C. 2930.071(A)(3) promotes speedy disposition of Marsy's Law challenges by avoiding piecemeal appeals, first under R.C. 2930.071(A)(2)(b) and then again under R.C. 2930.071(A)(3) and (4).

### III. Conclusion

**{¶ 20}** For all of the foregoing reasons, the above-captioned appeal is dismissed for lack of a final, appealable order.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.