[Cite as *State v. O'Neill*, 2024-Ohio-485.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-01-004 |
| and | : | O P I N I O N<br>2/9/2024 |
| M.O., | : | |
| Appellant, | : | |
| - vs - | : | |
| STEPHEN O'NEILL, | | |
| Appellee. | | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. CRB 2200974

Michael T. Gmoser, Butler County Prosecuting Attorney, and John Heinkel, Assistant Prosecuting Attorney, for appellee, state of Ohio.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, , for appellee, Stephen O'Neill.

Ohio Crime Victim Justice Center, and Chloe A. Greenawalt, for appellant.

**M. POWELL, J.**

{¶ 1} This case is an interlocutory appeal by a crime victim pursuant to Marsy's

law. M.O., the victim in this case, appeals the trial court's decision denying her motion to

quash a subpoena of her medical records and ordering release of the documents to counsel.

{¶ 2} Stephen O'Neill ("Defendant") was charged with domestic violence after police were called to his home on December 14, 2022 for a domestic dispute. The initial complaint, alleging a fourth-degree misdemeanor offense, provided that Defendant "states he grabbed [the victim] and removed her from the items she was throwing and she fell to the ground." The complaint indicated the victim was caused physical harm as a result. The complaint was later amended to charge the offense as a first-degree misdemeanor. The complaint was amended a second time and reflected that Defendant got into an argument with the victim over boxes on the dining room table and during the argument, he grabbed her and turned her forcefully away and released her, throwing her onto the floor and she was harmed.

{¶ 3} There had been a prior incident between Defendant and the victim occurring during the late evening hours of September 1, 2022. A police report concerning this incident reflects that Defendant called police because of a domestic dispute between himself and the victim. Defendant sought the victim's medical records that were related to that encounter and issued a subpoena duces tecum to Liberty Township Emergency Medical Services for the production of records regarding the victim from that date to the present. Similarly, Defendant issued a subpoena duces tecum to Atrium Medical Center seeking the production of documents regarding the victim from that date to the present. The victim filed a motion to quash the subpoenas on the basis that the subpoenas were unreasonable and oppressive, and release of the information was a violation of her constitutional and statutory rights.

{¶ 4} At a hearing on the motion, the court admitted the aforesaid police report concerning the September 2, 2022 domestic disturbance. The report indicated that

Defendant called police to report that the victim was having a mental breakdown and was crying hysterically in one of the bedrooms. The report reflects that when officers arrived, Defendant told them that the victim had been going through mental episodes where she would be happy one minute and angry and upset the next minute. The report indicates officers spoke with the victim who stated she was not having a mental episode, but she agreed to go to the hospital to speak with someone.

**{¶ 5}** Defendant asked the court to consider three items in deciding whether to grant the motion to quash: (1) the September 2, 2022 police report; (2) the facts alleged in the amended complaint; (3) the records themselves in camera. The court issued a decision finding that the request was not unreasonable or oppressive and denying the victim's motion to quash. The court then ordered the following:

> The records will be made available to counsel for the Defendant, Victim and the State for inspection only. The defendant is not permitted to examine the records. After the case is concluded, counsel shall shred the records and file a certification with the [clerk of court] that the records were shredded."

**{¶ 6}** As mentioned above, the victim filed an interlocutory appeal of the trial court's denial of the motion to quash the medical records and ordering release of the records to counsel. On appeal, she raises the following assignment of error for our review:

> THE TRIAL COURT ERRED, ABUSING ITS DISCRETION, BY ORDERING THE RELEASE OF THE VICTIM-APPELLANT, M.O.'S PRIVILEGED RECORDS WHEN THERE IS NO APPLICABLE STATUTORY PRIVILEGE EXCEPTION THAT WOULD PERMIT RELEASE.

**{¶ 7}** Ohio crime victims have been granted certain rights under Article I, Section 10(a) of the Ohio Constitution, which is generally referred to as Marsy's Law. Among those rights, a victim is "to be treated with fairness and respect for the victim's safety,

- 3 -

dignity and privacy[.]" Ohio Constitution, Article I, Section 10(a)(A)(2). When a trial court makes a decision that implicates a victim's rights, the victim may petition the court of appeals for review of the decision. Ohio Constitution, Article I, Section 10(a)(B); R.C. 2930.10(A)(2)(b)(i).

{¶ 8} Legislation implementing Marsy's Law was recently enacted and became effective April 6, 2023. See 2022 Sub.H.B. No. 343. Enacted as part of this legislation, R.C. 2930.071 provides a framework for a trial court's review of a motion to quash a subpoena for records of or concerning a victim.[1] According to this provision, a court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." R.C. 2930.071(A)(2)(a). The statute further provides:

> [T]he court shall conduct a hearing in which the proponent of the subpoena shall prove all of the following:
> (i) That the documents are evidentiary and relevant;
> (ii) That the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
> (iii) That the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial;
> (iv) That the application is made in good faith and is not a violation of Ohio Rules of Criminal Procedure.

R.C. 2930.071(A)(2)(b)(i) - (iv).

{¶ 9} If the court considers these factors and does not quash the subpoena, "the court shall conduct an in-camera review of any records as to which a right of privilege has been asserted." R.C. 2930.071(A)(3). If during the in camera review, the court

---

1. We note that this provision largely codifies the analysis adopted by the Ohio Supreme Court in *In re Subpoena Duces Tecum Served upon Potts*, 100 Ohio St.3d 97, 2003-Ohio-5234. In *Potts*, the court adopted the Supreme Court's analysis in *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, for considering motions to quash a third-party subpoena. The court must hold a hearing where the proponent must demonstrate the four *Nixon* factors. *Potts* at ¶ 16. If the court determines that the documents meet the *Nixon* test and a party claims the documents are privileged, the court must then conduct an in camera review of the documents before ruling on any claims of privilege. ¶ 18.

determines that any of the records "are privileged or constitutionally protected, the court shall balance the victim's rights and privileges against the constitutional rights of the defendant." R.C. 2930.071(A)(4).

{¶ 10} Initially, we note that on appeal, the victim does not argue that the court erred in determining that compliance with the subpoena was not unreasonable or oppressive pursuant to R.C. 2930-071(A)(2)(b)(i) - (iv). Instead, she argues only that the records are privileged and that no statutory exemption allows for their release. The victim further asserts that release of her medical records would violate her constitutional privacy rights. We note that the state of Ohio, as an appellee, filed a brief arguing that the release of the records was unreasonable and oppressive. However, an appellee who seeks to change an order on appeal must file a cross-appeal with the clerk of court. App.R. 3(C)(1). Because the state did not file a notice of cross-appeal, we decline to consider the state's arguments. Accordingly, we find that the issue of whether the trial court erred in finding the subpoena was not unreasonable or oppressive is not properly before us.

{¶ 11} In her sole assignment of error, the victim argues that the trial court erred in disclosing the records because medical records are privileged pursuant to R.C. 2317.02(B) and (G) and R.C. 4732.19. She further contends that none of the statutory exceptions for release provided in the Revised Code apply.

{¶ 12} However, we cannot reach the merits of this argument because the court did not conduct a privilege analysis, nor a weighing of the victim's rights against Defendant's rights as required by the statute. Because the court did not quash the subpoena in this case, it was required to then conduct an in camera review of any records to which privilege had been asserted. R.C. 2930.071(A)(3). If in this review, the court determines the records are privileged or constitutionally protected, it must "balance the victim's rights and privileges against the constitutional rights of the defendant." R.C.

- 5 -

2930.071(A)(4). Before any disclosure of the records is made, the court must conduct this balancing of the victim and defendant's respective rights. *State v. Boyle*, 8th Dist. Cuyahoga No 113045, 2023-Ohio-3161, ¶ 25. Although the court reviewed the records in camera, nothing in the court's order indicates that it considered whether the records were privileged, and nothing indicates the court then weighed the victim's rights against the defendant's rights as required by the statute.

{¶ 13} Finally, we note that on appeal, Defendant argues that the trial court's decision is not a final, appealable order because it does not order disclosure of the records, but instead only orders inspection of the records. As support, Defendant cites a case in which the Second District Court of Appeals determined that an appeal of the trial court's denial of a motion to quash was not a final appealable order because the court had not ordered disclosure of the records. *State v. Gronbeck*, Greene No. 2023-CA-68, 2024-Ohio-26.

{¶ 14} However, we find the facts in that case differ from the case before us as the court in *Gronbeck* did not order disclosure of the records, but instead, ordered the records delivered to the court for an in camera review. *Id.* at ¶ 8. Defendant contends that the court did the same in this case as its order implies that the court will conduct a privilege analysis at another time and make a disclosure decision at that time. However, this interpretation of the court's order is contrary to the language of the order. The court stated that the records would be made available to counsel for Defendant, the victim and state for inspection only. Although Defendant was not permitted access to the records, some type of limited disclosure was clearly contemplated by the court's order. Moreover, the court continued its order with instructions for shredding of the records at the end of the case and certification to the court but did not mention any further consideration of privilege or balancing of rights would occur. We find nothing in the trial court's decision that

- 6 -

contemplates a privilege determination would occur at a later time as a result of this disclosure of the records.

{¶ 15} In conclusion, we find that the trial court erred because it did not conduct a privilege determination, nor a weighing of the victim's rights against Defendant's rights as required by the statute.  Accordingly, we reverse the trial court's order and remand the case for the court to conduct this review.

{¶ 16} Judgment reversed and remanded.


S. POWELL, P.J., and BYRNE, J., concur.